(Decided 16th March, 1881.)

HENRY SEIM, LEWIS KRAUS and ANDREW J. GOLDENBURG *vs.* THE STATE OF MARYLAND.

*Selling Beer on Sunday—1866, ch. 66—Licenses, Art. 57 of the Code.*

The Act of 1866, ch. 66, known as the Sunday Liquor Law, does not apply to The Concordia, a club of Baltimore City.

Selling beer on Sunday is not Sabbath-breaking within the meaning of the Act of 1866, ch. 66.

The License Laws for sale of liquors in Art. 57, of the Code, do not apply to social clubs.

APPEAL from the Circuit Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*George C. Maund* and *Wm. Pinkney Whyte,* for the appellants.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appellants were indicted in the Criminal Court of Baltimore, under the provisions of *Art.* 30, *sec.* 179 *of the Code,* as amended and re-enacted by the Act of 1866, *ch.* 66. That Act provides that "no person in this State shall sell, dispose of, barter, or if a dealer in any one or more of the articles of merchandise in this section mentioned, shall give away, on the Sabbath Day, commonly called Sunday, any tobacco, cigars, &c., &c., *spirituous or fermented liquors, cordials, lager beer, wine, cider* or any other goods, wares or merchandise whatsoever;" and certain penalties are prescribed for the violation of the statute. The indictment contains three counts. The first charges the traversers with *selling beer* to Moses H. Springer on Sunday, the 19th day of October 1879.

The second charges them with *" disposing of" beer* to Moses H. Springer on the same day.

The third charges them as " licensed dealer" with *" giving away" beer* to Moses H. Springer on the same day.

The third count was abandoned, it being conceded that the traversers were not, nor was the association of which they were officers, a licensed dealer.

The case was submitted to the Court upon an agreed statements of facts, and the judgment being against the traversers, they have appealed.

It appears · by the statement of facts, that the indictment found " against the traversers, was found against them, not as individuals, charging them personally with the violation of the ' Sunday liquor law ' by ·selling or disposing of beer on their own account, but as officers of the corporation known as the ' Concordia,' that Henry Seim is president, Louis Kraus secretary, and Andrew J. Goldenburg treasurer of the said corporation, and each is a member of the board of directors. The incorporation of the ' Concordia' under the general incorporation law of the State is admitted, and also that the corporation has duly

passed certain by-laws for its better government and regulation, and it was agreed that the charter, amended charter and by-laws and the Act of 1865, *ch.* 23, might be read in evidence. The purposes and object of the corporation were admitted to be correctly stated in section 9 of its amended charter, as follows : The ' Concordia ' shall be dedicated to the intellectual, moral and social improvement of its members, the refinement of their tastes, and the development of good feeling among them. In furtherance of these objects it shall afford them opportunities for scientific cultivation, and rational amusements, and shall place before them, as far as may be, the best models of musical and dramatic art. It was further agreed that the association is conducted for the use of its members only, to provide for their rational entertainment and improvement ; that it transacts no business of any kind whatsoever for the purpose of making any profit, directly or indirectly for itself or its members, and that the income derived from the various sources hereinafter enumerated is applied solely to defraying the expenses of the corporation ; that the sources of its income are as follows :

"1st. Money loaned by active members to defray the expense of building club-house, said loans being represented by certificates of '*property stock,*' issued by the corporation.

" 2nd. Entrance fee of $10, for each new member.

" 3rd. Annual fee of $30, for each member.

" 4th. Money paid by members for what refreshments and liquors they get and consume at the club-house.

" 5th. Such additional assessments, fines and penalties as may be from time to time imposed upon the members.

"The money received from these various sources is expended in paying, 1st. the current expenses of the corporation, and if there is any balance, 2nd, the interest on the property shares as provided in by-law 24.

" With reference specifically to refreshments and liquors used and consumed in the club-house, it is agreed that

liquors are bought by the corporation, and kept in the club-house under the charge of the steward, an employé of the corporation ; that the members of the club and no other persons whosoever, can get what liquors they want on any day, Sunday included, from the corporation through its steward, by calling for them, and paying a price fixed by the regulations of the corporation, and that this price is fixed and paid, not for the purpose of making any profit, either directly or indirectly, but merely for the purpose of covering the outlay in the purchase thereof by the corporation, and the expense attendant upon the keeping and serving thereof at the club-house. It is further agreed, that at the time and place stated in the indictment, *Moses H. Springer,* who is a member of 'the *Concordia,*' called for a glass of beer in the usual way, was served by the steward, drank it then and there, and paid five cents therefor, that being the price fixed by the corporation.

" The members are admitted to the club-house, by the use of a latch key, with which each is provided, and that they use the club-house in some measure as a home, except for lodging, and that they spend much of their time there every day.

" The association pays annually $1200, taxes on building, $1100 insurance, and $2500 ground-rent. Its members are regularly elected, and none but members enjoy the use of the club-house for social purposes."

The question arising upon this statement of facts, is whether the beer furnished to Springer, a member of the association, in the manner before stated, was a sale thereof, within the meaning of the Act of 1866. This Act came before this Court for construction in *State vs. Popp,* 45 *Md.,* 432. The appellee was indicted for selling lager beer on Sunday, and pleaded in bar, "that the prosecution against him was not commenced *within one month* after the fact charged in the indictment. The

Criminal Court decided that the plea was a good defence, because by sec. 11, Art. 57, of the Code, it is provided, that "all actions or prosecutions for blasphemy and *Sabbath breaking* or drunkenness, shall be made within *one month* after the fact." But this Court after a careful examination of the Acts of Assembly, from which the several sections of the Code, in *Article* 30, were derived, decided that sections 179 and 180, and the Act of 1866, by which they were amended and re-enacted, were not among the provisions against "*Sabbath breaking*," and consequently the limitation prescribed by *Art.* 57, *sec.* 11, had no application, but that the case fell under the provisions of *sec.* 10, *Art.* 57, which prescribes a limitation of *one year* within which the prosecution must be commenced.

The Court said that by the legislation of the State, a distinction had been drawn in terms, between the offence of "*Sabbath breaking*," and that of selling liquor on the Sabbath day. "They were originally distinct offences, and have not been made one, by being placed under the same *heading* in the Article relating to 'Crimes and punishments.'

"It may be true that in the common acceptation of the terms, he who sells liquor on Sunday, breaks the Sabbath, but so also does he who works and labors on that day, and when the Legislature has made a distinction as to the time within which prosecutions for the two acts must be made, the Courts have nothing to do but to enforce that distinction."

It follows from that decision, that the offence charged in this case is not that of "Sabbath breaking," but that of *selling beer on Sunday*, which, (or the selling of any other article of merchandise on that day) is the specific offence forbidden by the Act of 1866.

After a careful consideration of the facts set out in the agreed statement, we are all of opinion that the transac-

tion was not *a sale* of beer to Springer, within the intent and meaning of the Act of 1866. In other words we think the Act has no application to a case like the present.

It will be observed that the license laws, *Code, Art.* 57, which forbid the sale or barter of spirituous or fermented liquors without a license, have never been construed as applicable to *social clubs*, of which there are several in Baltimore City, where liquors are procured for the use of the members, and are furnished to them in the manner described in the present case; and we think it very clear that no license is required, for the reason that such a transaction is not a *sale* within the meaning of the license laws. And by a parity of reason, we conclude that the members of such associations as "the Concordia" is admitted to be, who obtain refreshments and liquors at the club, by paying into the common fund the price fixed by the regulation of the society, cannot be said in any sense to buy them from the corporation, nor can the corporation be said to *sell* them to the members, within the meaning of the Act of 1866.

It is argued by the Attorney-General that the liquors, and other supplies are purchased by the corporation, and are consequently its property; and when furnised to a member, it is sold to him, and if the sale is made on Sunday it is an offence within the Act of 1866. But that Act equally prohibits the sale of any article of merchandise whatsoever on Sunday, and if the argument of the appellee be sound, the society could not furnish a meal to a member on Sunday, without violating the law, and subjecting itself or its officers to the penalties prescribed by the Act of 1866. We do not so construe the law. The society is not an ordinary corporation; but a voluntary association or club united for social purposes,—each member must be elected, and each is joint owner of the property and assets, and entitled to the privileges of the society as long as he remains a member. Among these

privileges is that of partaking of the provisions and refreshments provided for the use of the members. These are not *sold* to him by the corporation, but furnished to him by the steward, upon his paying into the common fund, what is equivalent to the cost of the article furnished, and what is so paid is expended in keeping up the supply for the use of the members. Such a transaction is not a barter or sale in the way of trade, and therefore not within the purview or meaning of the Act of 1866.

(Decided 16th March, 1881.)