\*UNIVERSITY CLUB OF CINCINNATI v. RATTERMAN, TREAS.,
ET AL.

FURNISHING LIQUOR BY A CLUB TO ITS MEMBERS.

A bona fide social club, incorporated under the laws of the state, "for the promotion of higher education, and of social and friendly relations between its members," and not for profit, leased a building in which were reading, dining, sitting and other rooms, and a library, which was open to the members of said club at all reasonable hours; and with the funds of such corporation it purchased food, wines, liquors, and cigars, which during the years 1886 and 1887 were furnished at such club house, to such

---

\* See also Voss v. Hagerty, 10 Ohio Dec. R., 000 (s. c. 26 B., 268).

members as desired the same, and which were there used and paid for by the persons receiving the same, at a price fixed by the management, so as simply to pay the cost of procuring and serving them. No dividends or profits can be received by any member, nor does any officer receive a salary, and the club is not engaged in any business with a view to profit. During such period by the rules and regulations of the club, a member was authorized to introduce strangers having certain qualifications, who thereupon, for a limited period, became entitled to the privileges of such club house, and to be furnished with food, wines, liquors, etc., at the price so fixed as aforesaid,—the member introducing such guest, being liable for all supplies furnished him, if not paid for by such guest. During these years this privilege was occasionally exercised by the members of the club, and persons so introduced were furnished by the club with wines, liquors and other supplies, which were paid for by them or the persons introducing them.

Held: That the furnishing of such wines and liquors so purchased by said club to its members in this manner was a "trafficking in intoxicating liquors," within the meaning of sec. 8, of "An act providing against the evils resulting from the traffic in intoxicating liquors," passed May 14, 1886 (82 O. L., 157), the same being a sale by said club to its members, and rendered it liable to assessment under the terms of said statute, as did also the furnishing of such liquors to the guests of such club in the manner stated.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, C. J.

The question in this case is whether the collection of an assessment made upon the plaintiff by the auditor of Hamilton county under the provisions of the Dow law, 84 O. L., 157, should be enjoined by the court on the facts as agreed upon by the parties.

The substance of the agreed statement is this: That the plaintiff is a *bona fide* club, incorporated for the promotion of higher education and of social and friendly relations between the members, and not for profit. Each member (who must be a graduate of some college or university, or have been for two years attendant upon the same) is the owner of a single share of stock, not transferable, and on his ceasing to be a member it reverts to the corporation.

The club leased a building, in which are reading, dining, sitting, and other rooms and a library, all of which are open to the members at all proper times. The club purchases and furnishes to the members, at the club house, food, wines, liquors and cigars, which are there used, and the price thereof, fixed by the management, is paid by the members receiving the same—the price is so fixed as simply to pay the costs of procuring and serving the same. The receipts of the club are from initiation fees and dues paid by the members; and the receipts for the articles so furnished, without counting amounts received from other sources, would not be sufficient to pay the running expenses. No dividends or profits are, or can be paid to any member, nor does any officer receive any compensation whatever. The club is not engaged in any business with a view to profit, but its building and privileges are so used by its members for all the purposes of a home, except lodging.

On the hearing in this court it was further agreed, that by the rules and regulations of the club, any member can introduce a non-resident stranger, who, if resident, would be eligible to membership. But this privilege can not be exercised in favor of any person residing within ten miles of, or doing business in Cincinnati, or for more than two weeks in any one year. Members introducing guests are responsible for all supplies furnished them. The names of such visitors, or guests, together with the names of their proposers, their college and class, are required to be and are kept in a registry called the visitors' book, signed by the member introducing them. Thereupon the visitor or guest is furnished with a ticket, signed by the secretary of the club, extending to him the privileges thereof for two weeks, and this entitles him to the use of the club house, and to receive supplies during that period. During the years 1886 and 1887 this privilege was occasionally exercised by members of the club, and per-

sons so introduced were furnished with wines, liquors and other supplies, which were paid for by them or the persons introducing them.

The question presented on this state of fact is, whether during this period the club was engaged in "the business of trafficking in intoxicating liquors."

It was, we think, carrying on a business. It is not necessary to this that it should have been done with a view to profit. It was hardly the intention of the legislature to make a person or corporation liable to assessment for a single sale of liquor, or it may be for two or three isolated sales—but to require those who do it habitually, to pay the tax therefor. And it is entirely clear that this has been a part of the business of this plaintiff during all of this time.

Was it the business "of trafficking in vinous or intoxicating liquors?" What that is, in the meaning of the law, is stated in sec. 8 of the Dow law. It is the buying or procuring and selling of intoxicating liquors, otherwise than upon prescriptions of a physician and the other purposes stated in that section.

It is agreed that the wines and liquors so disposed of, are bought by the club; but the contention of counsel for plaintiff in error is, that what was so done did not constitute a sale of them, and therefore that the law does not authorize an assessment of the tax upon the plaintiff.

If the disposition thus made of the liquors was solely to the members of the club, this case would seem to come within the principles decided in the following cases, to which we have been referred by counsel for plaintiff: 55 Md., 566; 11 Tenn., 452; 102 Mass., 144.

The Maryland and Tennessee cases lay down this doctrine—that a club organized in good faith, for social purposes, which procures liquor for the use of its members, with the club funds, and furnishes it to them, and them alone, in a manner substantially similar to that adopted in this case, and it is paid for by the members receiving it, that such transaction does not in law, constitute a sale, but is rather a mode of distributing the property among the real owners of it. And this apparently on the ground, that a person can not purchase of an association, partnership, or corporation even, of which he is a member or stockholder, as he thus is dealing with himself.

If these cases are to be considered as stating the law correctly, it would seem that if the plaintiff confined its furnishing of liquors to its members only, that it would not be liable to assessment under the law; for under its provisions, there can be no trafficking in liquor without a sale of it. But there are authorities which hold a contrary doctrine, and in effect decide that such a transaction between a club and its members is in law, a sale. Among them are the following: 32 Ia., 405; 48 Ind., 21; 59 Ala., 34; 79 Ill., 85; 2 Lowell's Cases, 466.

In our judgment, the conclusion reached in these cases is the reasonable and true one. It may be admitted that if several persons unite in the purchase of articles for their joint benefit, with the understanding that they are afterwards to be divided among them, in a manner then, or thereafter to be agreed upon, and it is carried out substantially as one transaction, that this would not make a sale, but rather a distribution of common property among the owners—but when, as in this case, a corporation composed of a large number of members, having purchased a stock of liquors, disposes of it in small quantities to such members as may desire it, precisely as persons engaged in selling such articles ordinarily do, and the members pay therefor as they obtain it, it is hard to see why this is not a sale, or to know what it is if it be not a sale. It certainly has all the appearances of one, and unless the law is clear that it can not be so considered, it ought to be held to be one. Especially would this seem to be the case where one of the parties is a corporation, and the other a shareholder therein. In law, the corporation is an artificial person, and we are not familiar with any principle which prevents the making of a contract between it and a shareholder therein in his individual capacity. It is certainly a matter of every day occurrence. A shareholder in a bank borrows money therefrom, and executes his

note therefor. The member of a corporation, formed to carry on mercantile business, buys from the company, and can be sued for the debt thus contracted; and in this particular case before the court, we can see no reason why, if one of the members of this club failed to pay for articles furnished to him, the corporation could not in an action for goods sold and delivered, recover the price thereof. And this view is supported by authority. Judge Lowell, in the case cited, uses this language: "There seems to me to be no doubt that the club sells the beer to its members. Every element of a sale is present; the delivery of beer on the one part and the payment on the other. It is agreed that at common law a man can not buy of himself and others. This is a mistake. The common law recognizes such a sale, though if the contract is executory, the common law has no mode of enforcing it." And in the Indiana case the court says, the question arises, "whether the society by its agent could make a valid sale of such beer to the persons composing such society. We know of no principle of law which prevents it. We know that it is the daily habit of partners to sell the firm property to the persons composing the firm, and quite frequently the members of the firm are permitted to purchase such goods or articles as they may need, at cost."

Other reasons might be assigned in favor of the construction which we place upon this statute. It is a revenue law, and is to be liberally construed in favor of the object sought to be accomplished by it. It is also a law "to provide against the evils resulting from the traffic of intoxicating liquors," and it may fairly be presumed, that the business of furnishing liquor in small quantities by one person or corporation to another person, to be drank where sold, and on payment therefor, is within the law, unless it be specially exempted by the terms of sec. 8, and that it produced evils which the law was aiming to provide against, by the imposition of a tax upon it.

Another argument, in our judgment entitled to much weight is, that if the construction, which it is claimed by counsel for plaintiff, should be put on the statute is held to be correct, it would probably result in the adoption of various schemes and devices of those really engaged in the traffic in intoxicating liquors, to bring themselves within such rule, and this would go far to defeat the purpose of the law.

But whether our views on this being a sale are correct or not, still in our judgment the plaintiff is not entitled to the relief sought. It is admitted that during all that period, for which the assessment is made, the club has actually sold wines and liquors to persons not members thereof, and has been paid by them therefor. This beyond controversy was a sale, and brought the plaintiff directly under the provisions of the statute, and required the assessment to be made upon it. The petition is therefore dismissed with costs.

I. Ledyard Lincoln and Geo. Hoadly, jr., for plaintiff.

Rufus B. Smith and Miller Outcalt, county solicitors, for defendants.