THE STATE v. MERCER.

Intoxicating liquor: SOCIAL CLUB: CLERK. A person who acts as the agent or employee of a social club, to keep and deal out its liquors to members purchasing and presenting tickets, may be indicted and punished for a violation of the prohibitory liquor law, under section 1563 of the Revision.

*Appeal from Madison District Court.*

SATURDAY, OCTOBER 7.

DEFENDANT was indicted, under the act for the suppression of intemperance (Rev., chap. 64) for keeping a nuisance "in establishing, continuing and using a building and place for the purpose and with the intent of own-

ing, keeping and selling intoxicating liquors," and in sell-ing such liquors therein. Upon a verdict of guilty, he was fined in the sum of $1,000, and now appeals to this court.

*B. F. Murray* and *V. G. Holliday* for the defendant.

*H. O'Connor*, Attorney-General, for the State.

BECK, J. — I. From the evidence before us it appears that there existed an organization called the "Winterset Social Club," the object of which was to supply its mem-bers with intoxicating liquors, to be used as a beverage. The manner in which this club carried on its operations is not explained further than it is shown that defendant had possession of the liquors used, and sold tickets to members of the club, which were exchanged for or given in payment of intoxicating liquors drank in defendant's house by the members of the club presenting the tickets. The liquors were served out to the ticket holders and members of the club by defendant. Persons became members by signing their names in some book (but what were the contents of the book does not appear) and by buying tickets.

Upon the trial, defendant offered in evidence the articles of association of the club under whose name and organiza-tion the enterprise of dealing out intoxicating liquors as a beverage was carried on. The evidence was not admitted on the ground of its immateriality. This ruling is the basis of the first error assigned by defendant. The articles of association are not in the abridgment of the record before us. It is therefore not possible for us to determine that they were material and admissible as evidence. But if we are to consider that they were of the purport as claimed by defendant's counsel in their argument we must conclude that they were correctly excluded by the district court. They' appear, by the statement of counsel, to have been

nothing more than the foundation of an organization, the object and intent of which was to evade the law for the suppression of intemperance, a rather clumsy device by which the defendant and the members of the "social club" hoped to defeat that law and establish a place of resort where they could be supplied with intoxicating liquors for unlawful use. The fact that, under the arrangement of selling tickets, the members of the club became the owners of the liquors to the extent of the money paid, does not make the sale of the liquors in that way lawful. The act of selling the tickets was the sale, in fact, of the liquors. It is confessed that such sales were for the purpose of supplying the liquors to the purchasers to be used as a beverage. Even if defendant did not own the liquors, he would, nevertheless, be guilty of a violation of the law in keeping them. Revision, section 1563, is in these words: "No person shall own or *keep* or be in *any way concerned, engaged* or *employed* in owning or *keeping* any intoxicating liquors with the intent to sell the same in this State (or to permit the same to be sold therein) in violation of the provisions of this act; and any person who shall so own or *keep, or be concerned or engaged or employed* in owning or *keeping* such liquor, with any such intent, shall be guilty of a misdemeanor," etc., etc. Section 1559 prohibits "the keeping of intoxicating liquor with intent, on the part of the owner thereof, or any other person acting under his authority, to sell the same within the State, contrary to the provisions of this act." If the liquor did not belong to defendant, but to the "club," they were kept by him for the purpose of unlawful sale as the agent or employer of the "club." The sale of the tickets was, in fact, the sale of the liquors, which was for the purpose of their unlawful use. The defendant therefore was guilty of a violation of the law. According to counsel's statement of the purport of the articles of association, they contemplated an enterprise of the character we have just described, and

they would not therefore have constituted any defense if admitted in evidence. Their exclusion was therefore proper.

II. An instruction given by the court to the jury is complained of by defendant. It is not presented to us in the abstract. We cannot therefore pass upon it.

III. The sufficiency of the evidence to authorize a conviction is denied, and the judgment is attacked on that ground. We have stated the purport of the evidence, and are clearly of the opinion that the acts of defendant were in violation of the law, and that he was rightfully convicted.

IV. It is urged that the punishment is excessive. The fine of $1,000 imposed is to the full extent authorized by the law. We think that no sufficient reason appears to justify us in interfering with the judgment of the district court. The law contemplates that certain cases of violation of the law in question may arise which will demand the infliction of a fine to the extent imposed in this case. The court below considered this a proper case for the extreme penalty of the law. It was better prepared to determine that fact than we can be, and we are required to uphold such determination unless it appears unjust, oppressive or in violation of the law. It is not made so to appear to us. Indeed, upon the record, we think the fine was wisely and justly fixed at the extreme limit of the law. That the defendant resorted to a device, craftily planned and boldly executed, for the purpose of violating the law, is most patent. He attempted to make the violation of the law respectable by getting up a "social" organization to support him. This very organization would tend to spread with rapidity the appetite for intoxicating liquors and thus increase the evils of the unlawful traffic in which he was engaged. His crafty and bold attempt to inaugurate a systematic violation of the law — and men who thus act are the most

dangerous to society — we think deserved the severest punishment the law has provided for the offense of which he was convicted.

Affirmed.