1. **Town Ordinance:** INTOXICATING LIQUORS: EXCESS OF CORPORATE POWER. Towns have power to prohibit the sale of such intoxicating liquors only as are not prohibited by statute, and an ordinance which prohibits the sale of *all* kinds of intoxicating liquors, including wine and beer and brandy peaches, is invalid, so far as the prohibition extends to liquors other than vinous and malt.

2. ———: DISCREPANCY BETWEEN TITLE AND SUBJECT. Where an ordinance is entitled, "*Regulating the use and sale of intoxicating liquors*," but the substance of the ordinance, as found in the body of it, is entirely *prohibitory*, with no pretense of *regulation*, it is invalid for want of compliance with the law requiring the subject of an ordinance to be clearly expressed in its title.

*Appeal from Van Buren District Court.*

WEDNESDAY, JUNE 14.

THE plaintiff is an incorporated town under the general incorporation law of the State. The defendant is the agent and clerk of a joint stock company which was organized to maintain a "social club" where the members thereof could provide for their own use, wine and beer, and such articles of food as seemed to be desirable. The property belonged jointly to the members of the club, and any member had the right at any time to withdraw all or any part of his stock therefrom. The articles kept by the club were subject to delivery to the members thereof upon their order. The defendant was arrested, tried and convicted before the mayor of the town for a violation of an ordinance which prohibited such associations or clubs, and provided penalties for sales of intoxicating liquors by any officer or agent of such associations or by any other person. Upon a trial he was convicted. He appealed to the District Court where he was again convicted, and he now appeals to this court.

*Lea & Wherry*, for appellant.

*Work & Brown*, for appellee.

ROTHROCK, J.—That the authorities of the town were authorized to prohibit the sale of such intoxicating liquors as are not prohibited by the statutes of the State, cannot be disputed. And that sales through a "social club" are violations of the law, and may be prohibited by a proper ordinance, must be conceded. *State v. Mercer*, 32 Iowa 405. But when a conviction is sought under an ordinance of the town, it must be by such an enactment as reasonably and fairly accords with the law authorizing municipal corporations to enact and enforce ordinances The ordinance in question in this case prohibits sales of all kinds of intoxicating liquors, including wine and beer and brandy peaches, by any association of persons, or by any person. So far as the prohibition extends to liquors other than vinous and malt, the ordinance is invalid, because the town has no power to pass and enforce it. *New Hampton v. Conroy*, 57 Iowa, 498. It is true, that, as the defendant in this case was prosecuted for selling beer, the ordinance, so far as it prohibited the sale of beer, may, under the authority of *Santo v. The State*, 2 Iowa 165, and other cases, be held to be valid as prohibiting the sale of liquors not prohibited by the law of the State. But this ordinance is in our opinion fatally defective in another respect. Section 489 of the Code requires that "no ordinance shall contain more than one subject, which shall be clearly expressed in its title." The title is in these words—"Regulating the use and sale of intoxicating liquors." The subject as found in the body of the ordinance is entirely prohibitory. There is no pretense at regulation. Its whole scope is an absolute prohibition of the sale of any and all kinds of liquors, whether through the agency of clubs or associations of persons, or by any other person. The law requiring the subject of an ordinance to be "clearly expressed" in the title is more explicit than the constitutional requirement which provides that the title of every act of the legislature shall express the subject of the act. See Section 29, Article 3, of the Constitution.

Instead of the title of this ordinance being a clear state-

ment of its subject, it is wholly inconsistent with it, and states a wholly different subject—as different as regulation is from prohibition. We cannot disregard this provision of the law. It is not unreasonable that when a village assumes to itself the functions of a municipal corporation it should be held to a reasonable compliance with the laws of the State in the enactment of its ordinances, and to that end employ legal counsel if necessary.

REVERSED.