HENKLE v. THE TOWN OF KEOTA.

WILSON v. THE SAME.

TABMAN v. THE SAME.

RITCHEY v. THE SAME.

1. **Appeal to Supreme Court:** AMOUNT INVOLVED: JURISDICTION THE RULE. In order to deprive this court of jurisdiction of an appeal, on the ground that the amount involved does not exceed $100, that fact must affirmatively appear from the pleadings. *Babcock v. Board of Equalization*, 65 Iowa, 110, followed.

2. **Exception:** WHAT SUFFICIENT. Where the court found the facts, and its conclusions of law based thereon, and entered judgment accordingly, "to which conclusions of law, order and judgment," the record shows, "the defendants at the time excepted," *held* that, as there was but a single proposition of law embraced in the legal conclusions and the judgment, the exception was sufficiently specific to justify a review of that proposition of law.

3. **Taxation:** PRINCIPLES: STATUTES: SHARES OF BANK STOCK TAXED TO OWNERS. In view of the principle, on the one hand, that there can be no taxation of property unless the statute so provides, and the well-established doctrine, on the other hand, that taxation is the rule and exemption the exception, sections 801, 812, 813 and 821 of the Code, and chapter 15, Laws of 1884, are considered, and *held* to authorize and require shares of bank stock to be assessed to their owners.

4. ———: INCREASE OF ASSESSMENT BY BOARD OF EQUALIZATION: NOTICE NECESSARY UNLESS WAIVED. Before the board of equalization can increase an assessment made by the assessor, it must give the notice required by chapter 109, Laws of 1880; but where the person whose assessment is proposed to be raised appears without such notice, and has a hearing before the board, he cannot afterwards object because he was not notified. *Hutchinson v. Board of Equalization*, 66 Iowa, 35, followed.

5. **Legislation:** CONSTITUTIONALITY: TITLE OF BILL. Conceding that § 2, chap. 109, Laws of 1880, is unconstitutional, because it relates to a subject not embraced in the title of the act, as required by § 29, article 3, of the constitution, yet such objection does not extend to the other sections of the act, and they are not invalidated for that reason.

*Appeal from Keokuk Circuit Court.*

THURSDAY, MARCH 18.

THE board of equalization of the town of Keota caused certain assessments to be made against the plaintiffs for the purpose of taxation. The plaintiffs caused a writ of *certiorari* to issue to test the validity of the proceedings of the board, and the circuit court decided that the assessments made under the direction of the board were illegal and void. The defendant appeals.

*Sampson & Brown*, for appellant

*G. D. Woodin*, for appellees.

SEEVERS, J.—A finding of facts was made by the court, the material portion of which is as follows: "The Bank of Keota is incorporated under the general incorporation law, the capital being $35,000, the surplus fund $15,000, and the undivided profits over uncollectible debts $3,000. In 1881 the bank invested $40,750 in United States bonds. In October, 1882, it sold $10,000 of the bonds, and before January 1, 1883, placed the remainder in Chicago, and had the privilege of drawing against them. The plaintiffs are holders of the capital stock of the bank, and the value of

their shares, respectively, was found by the court. The bank erected a banking-house, and expended therefor $9,000, and the value of the real estate owned by it, including the banking-house, was assessed to the bank; but it declined to list for assessment for the year 1883 any moneys, credits, or any other property, except as above stated. It also declined to disclose the names of the owners of stock or shares in the corporation. The plaintiffs were severally assessed for the year 1883, but they declined to list the shares owned by them for the purpose of assessment. The board of equalization met on the second day of April, and it was then decided to add plaintiffs' bank stock to their assessment, and the board directed the assessor to ascertain the names of the owners of stock in the bank residing in town, and the amounts owned by each, and to assess the same. The business of the board being unfinished on the ninth day of said month, the plaintiff Henkle appeared before the board " as a stockholder and officer of the bank," and on his application a postponement of one week was obtained to consider the matter of the assessment of bank shares. On the sixteenth day of April the board again met, and at that time the president of the bank, the plaintiff Henkle, and Mr. Farley, who was attorney for the plaintiff and the bank, appeared before the board, and objections were made against the proposed assessment of shares in the bank to the individual owners. The objections were overruled, and the board ordered that the shares owned by each of the plaintiffs should be assessed at a value fixed by the board. On April seventeenth notices were posted up at the proper places, showing the assessments, the amount thereof, and the description of the property, as ordered by the board. Upon the foregoing facts the court, as conclusions of law, found—"*First.* The defendants had no authority to assess or order the assessment of the bank stock to the plaintiffs. *Second.* In assessing and ordering the assessment of the bank stock in question to the plaintiffs, the defendants acted illlegally." Then follows the judg-

ment of the court; " to which conclusions of law, order and judgment the defendants, at the time, excepted." These cases were submitted on a single abstract, and are precisely alike, except in a single particular, which will be hereafter more particularly referred to.

I.    Counsel for the appellees contend that, as the maximum assessment for city purposes cannot exceed twelve mills on the dollar, therefore the amount in controversy is less than $100, and, as the trial judge has not certified any question of law as to which it is desirable to have the opinion of the supreme court, therefore this court has no jurisdiction of this appeal. It does not appear from the pleadings what amount is in controversy, and the assessment ordered by the board forms the basis upon which the state, city and county taxes are levied. This case is therefore within the rule established in *Babcock v. Board of Equalization,* 65 Iowa, 110. The point made by counsel, therefore, is not well taken.

*1. APPEAL to supreme court: amount involved: jurisdiction the rule.*

II.    It is further contended that the exception taken is insufficient to present any question of law for the determination of this court. In support of this proposition, *Boyce v. Wabash R'y Co.,* 63 Iowa, 70, is cited. We do not understand that any exception was taken, or intended to be taken, as to the facts as found by the court. Conceding the facts found to be correct, the defendant excepted to the " conclusion of law and judgment." The latter followed the former as a matter of course; nor can it be said that the exception was to such judgment, but it was designed to be and was to the judgment of the court as to the law governing the case. But if it be conceded that the judgment and conclusions of law were both excepted to, but a single exception was required; because there was but a single legal proposition embraced in both, no matter how many times or in how many forms it was stated, and that was that the board was not authorized to cause the assessment to be made, and that in so doing it acted illegally. We are of the opinion

*2. EXCEPTION: what sufficient.*

that the exception taken is sufficient to present for consideration the legal propositions presented by counsel.

III. It is insisted that the board acted illegally, because there is no statute which authorizes the assessment and taxa-

<div style="margin-left:2em;">3. TAXATION: principles: statutes: shares of bank stock taxed to owners.</div>

tion to the owners of shares in a bank organized under the general incorporation law. It is undoubtly true that taxation is an attribute of sovereignty, and, if such power has failed to provide that any species of property shall be taxed, then it cannot be done. It is also true that taxation is the rule, and exemption therefrom constitutes the exception. Having in mind these rules, we proceed to a consideration of the question presented. It is not claimed that shares in such banks are specially exempted from taxation; and section 801 of the Code provides that all property, both real and personal, not exempt by statute, is subject to taxation. That bank shares are property must be conceded. Section 813 of the Code provides that the stock of corporations and companies shall be assessed at their cash value." In *Des Moines Water Co.'s Appeal*, 48 Iowa, 324, it was held that the shares in a corporation of that character could be assessed and taxed; and in *Cook v. City of Burlington*, 59 Iowa, 251, it was held that, under the statute, it was competent to assess and tax shares in a corporation owning a toll-bridge to the owners, although the property of the corporation had been taxed to it.

Under the statute and these decisions, it must be assumed that shares in at least some corporations can be assessed to the owners. Now, is there any provision of the statute that takes shares in a bank out of this rule? Counsel for appellees contends that there is, and he relies on section 821 of the Code, and chapter 63 of the Acts of the Fifteenth General Assembly. The latter has been incorporated into McClain's Code, (section 812 as amended,) and is in the following words: " All taxable property shall be taxed each year, and personal property shall be listed and assessed each year in the name of the owner thereof on the first day of January, except

moneys and credits of associations organized under the general incorporation laws of this state for the purpose of transacting a banking business, and moneys and credits of private bankers who have loaned money, bought notes, mortgages, or other securities. In every such instance, the average value of the money and credits which have been in the possession or under the control of the person making the list shall be listed for taxation."

The sole object designed to be accomplished by this section is apparent on its face, when the prior law is taken into consideration, which provided that moneys and credits of such corporations and persons, owned by them on the first day January in each year, should be listed and taxed. Instead of this, the statute, as amended, provides that the average value of such moneys and credits owned by such persons and corporations shall be listed and taxed. It is probable that the average value during the preceding year is contemplated; but whether this is so is not material in this case. Clearly it is not provided in express terms or by necessary implication that shares in banking corporations cannot be taxed to the owners. The statute makes no reference thereto, but applies exclusively to the moneys and credits or property of the corporation. The shares therein do not belong to the corporation, but to the persons entitled thereto. They are his individual property, on which it may be supposed he receives an income, in dividends or profits of the institution. If the moneys and credits are taxed to the corporation, his dividends would be less than they otherwise would be, and his shares of less value.

Section 821 of the Code relates to the classification of property, and what the board of supervisors may do in reference thereto for the purpose of equalizing the assessments. The action of the board provided for precedes the assessment, and the auditor is required to prepare suitable books for the assessor, which shall contain a certificate of the classification adopted by the board. The books shall be ruled and pre-

pared for the entry of certain specified matters, among which are the "amount of stock or shares in any corporation or company not required by law to be otherwise listed and taxed." This provision alone clearly does not exempt the shares, nor provide that they shall not be taxed to the owner. It has no reference to, nor does it limit, the force and effect of section 813, as counsel contend. Before section 821 can have any effect on the question under consideration, there must be some law found which requires the shares to be otherwise listed and taxed.

As we have seen, there is a statute which requires these shares to be taxed, and, as taxation is the rule, there must be some provision of the statute found which requires them to be otherwise listed and taxed. Such a statute was in force, and held to be applicable, in *Hubbard v. Board of Supervisors*, 23 Iowa, 130; but our attention has not been called to any such statute, unless it be the provision that banking corporations, like other corporations, shall be assessed and taxed; that is to say, the property belonging to the corporation shall be taxed. But, as we have seen, shares in the corporation are the property of the person owning them. They cannot be taxed to the corporation, and the statute does not so provide; but it does provide that they shall be taxed to their owners. *Des Moines Water Co.'s Appeal*, before cited. Whether the statute in this respect should be commended it is not our province to determine.

IV. Section 830 of the Code provides that the board of equalization, at their meeting on the first Monday in April of each year, may "add to the assessment as returned by the assessor any taxable property *  *  * not included therein;" and section 831, as amended by chapter 109 of the Acts of the Eighteenth General Assembly, (McClain's Code, 202,) as appellees claim, provides that if, in the opinion of the board, any assessments should be raised, a list thereof shall be prepared and posted up in two specified places, and

4. ——: increase of assessment by board of equalization: notice necessary unless waived.

the board shall then adjourn for one week before taking final action; and, as the board did not do this, it is claimed their action is invalid.

Prior to the enactment of said chapter 109, no notice of the action of the board was required. It was the duty of the tax-payer to attend the meeting of the board, and if he failed to do so the board could add to the assessment any omitted property, or increase the assessment of any tax-payer, without notice to him, and he had not, in such case, any just ground of complaint. *Macklot v. Davenport*, 17 Iowa, 379. Chapter 109 of the Acts of the Eighteenth General Assembly is remedial in its nature, and evidently was designed to give the tax-payer an opportunity to be heard before the assessment made by the assessor, of which it may be presumed he had knowledge, could be lawfully increased by the board of equalization by the addition of supposed omitted property, or by an increase of the assessment. In either case the effect would be to raise the assessment made by the assessor. The tax-payer might be able to show that he was not liable for the taxes on the property, which, in the opinion of the board, had been omitted, or that it in fact was exempt. We are therefore of the opinion that, before the board of equalization can increase the assessment made by the assessor, so as to increase the burden of the tax-payer, the board must give the notice required by the statute above mentioned, unless it is unconstitutional, as appellants contend. The only notice given was after the board had increased the assessment; that is, after the entry of judgment, notice of this fact was given. This is not the notice the statute required, and therefore, as to all the appellees except Henkle, the judgment of the circuit court must be affirmed. It is stipulated that they made no appearance before the board, but Henkle did, and there was a continuance, so that he might be heard. Objections were interposed, and an argument was made, in his behalf. He could have done no more if notice in strict accordance with the statute had been given. He therefore has no just

ground of complaint in this respect. *Hutchinson v. Board of Equalization*, 66 Iowa, 35.

V. Appellant contends that so much of chapter 109 of the Laws of 1880 as provides that notice shall be given is unconstitutional, because the title of the act fails to express that such is the subject-matter of the act, and that it therefore conflicts with section 29 of article 3 of the constitution, which provides that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." The title of chapter 109 is in these words: "An act to amend section 831, chapter 1, title 6, of the Code of Iowa, in relation to boards of equalization," and the act consists of three sections. The first provides that section 831 shall be amended by adding thereto certain words. The second section amends section 824 of the Code, and for the purposes of this case it may be conceded that this section is unconstitutional. The third section provides that at the first meeting of the board for the purpose of equalization the board shall decide what assessments shall be raised, and cause an alphabetical list to be made, and cause notices of their proposed action to be posted in certain specified places, and shall adjourn for one week. But for the second section we do not think it would be claimed that the first and third sections would be unconstitutional. Especially is this so if the subject-matter of both had been put in a single section. It must be obvious that the number of sections is immaterial. Conceding that the second section is unconstitutional, it should be regarded as eliminated from the act. It then embraces but one subject, and matters properly connected therewith, amendatory to section 831 of the Code; for the section, in its original form and as amended, has relation to but a single subject,—" in relation to boards of equalization" and their duties. We are of the opinion that for the purposes of this case the act in question must be regarded as constitutional.

The result is that the first case must be reversed, and the last three                                                    AFFIRMED.

*Margin note:* 5. LEGISLA-TION: constitutionality: title of bill.