## ROCKAFELLOW v. BOARD OF EQUALIZATION.

**Taxes**: EQUALIZATION : PROCEEDINGS OF BOARD : JURISDICTION. Where the board of equalization, at its first meeting, "changed" the assessment of plaintiff upon personal property, moneys and credits from fifteen dollars to fifty-three hundred and thirty-four dollars, and the assessment was then changed in the assessment book accordingly, and the board then adjourned for twelve days, and on the second day after adjournment the clerk of the board posted notices as provided by statute, showing the action of the board in raising certain assessments, including that of plaintiff, and advising all parties that the board would, on the day to which it had adjourned, naming it, meet "for the purpose of hearing grievances why the within assessments should not be raised," and plaintiff saw this notice, and had such knowledge as a full inspection thereof would convey, but he failed to appear on the day named to object to the raising of his assessment, and the assessment, without further action, was left as changed, *held* that plaintiff could not complain thereof, on the ground that the board had no right or authority to change the assessment at the first meeting, nor until

after opportunity had been given to make objections thereto; for, while the statute (Laws of 1880, chap. 9, sec. 3) contemplates only a preliminary investigation and not final action at the first meeting, the action in this case was not designed to and did not cut off plaintiff's right to object and to have a full hearing before final action was taken; and the fact that the entry was made at the first meeting was at best but an irregularity not affecting a substantial right, and not avoiding the proceeding.

*Appeal from Cass District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 17, 1889.

CERTIORARI to the defendants, as a board of equalization, to review their proceedings in assessing plaintiff's property. Judgment for defendants, and plaintiff appeals.

*Rockafellow & Scott* and *L. L. De Lano,* for appellant.

*John W. Scott,* for appellees.

GRANGER, J.—The following are the facts as found by the court below, and undisputed:

"*First.* Plaintiff was assessed by the city assessor of said city of Atlantic, for the year 1887, at fifteen dollars.

"*Second.* April 14, 1887, being the first Monday of said month, the defendant board of equalization of said city of Atlantic met for the purpose of equalizing the assessments, and continued in session from day to day up to and including April 13.

"*Third.* On April 13, the board, having determined that plaintiff's assessment upon personal property moneys and credits should be increased from fifteen dollars to fifty-three hundred and thirty-four dollars, made, among others, the following record of their proceedings: 'On motion the following assessments were then changed: Rockafellow, J. B., from fifteen dollars to fifty-three hundred and thirty-four dollars,'—and the assessment of plaintiff was then changed on the assessor's book upon

personal property and moneys and credits from fifteen dollars to fifty-three hundred and thirty-four dollars; and the board, having completed its work of equalization, adjourned to meet at nine o'clock, April 25, 1887, for the purpose of hearing grievances why the said assessments should not be raised as indicated by the said action.

"*Fourth.* On April 15, 1887, the city clerk posted up in the usual place of meeting of the board, and in the post-office in said city, a notice, as follows: 'Council Chamber, City of Atlantic, April 13, 1887. The board of equalization met pursuant to adjournment. Present, the members. The equalization of assessments having been completed, on motion the board of equalization adjourned to meet at nine o'clock, April 25, 1887, for the purpose of hearing grievances why the within assessments should not be raised.' Following this, and posted with it, was an alphabetical list of the names of the persons whose assessments the board had determined should be raised, and among other names, under the heading of 'Personal Property, Moneys and Credits,' and in proper alphabetical order, was the following: 'Rockafellow, J. B., from fifteen dollars to fifty-three hundred and thirty-four dollars.'

"*Fifth.* The plaintiff saw and inspected this list, and the notice accompanying it, and had such knowledge as a full inspection thereof would convey prior to April 25, 1887, but he had no other notice, nor was any other or different notice given than that described in paragraph 4 hereof, and the plaintiff did not at any time appear before the board of equalization for any purpose connected with the equalization of his assessment.

"*Sixth.* The board of equalization met at their usual place of meeting, April 25, 1887, pursuant to their former adjournment, for the purpose of hearing grievances respecting the assessments contained in the list posted up, and did hear fully all the parties who appeared for that purpose, and made such changes and such further orders in individual cases as the showing made in each case, in the opinion of the board, justified. But

the individual cases in which no appearance or complaint was made were left as they had been fixed at the prior meeting, and without further order being made respecting them at this time; and, the plaintiff not appearing, and no complaint being made respecting the increase in his assessment, it was by the board left as it had been fixed at the previous meeting, and without any further action respecting it on this day. The said board, having first heard and acted upon all the grievances and complaints made before it, adjourned finally on April 25, 1887."

We understand the only contention by appellant to be that the action of the board of equalization, in raising his assessment, was without jurisdiction, and hence void; that, if the board had jurisdiction to act, his remedy for error therein would be by appeal. If void for want of jurisdiction, it is, of course, a nullity, and this a proper remedy.

The particular facts upon which the want of jurisdiction is urged should be well in mind for the proper consideration of the case. These facts are that the board, on the thirteenth of April, determined that the plaintiff's assessment should be raised from fifteen dollars (as returned by the assessor) to fifty-three hundred and thirty-four dollars, and the assessment was thus changed on the assessor's book. The board then adjourned to meet April 25, for the purpose of hearing any grievances on account of the change. Notice was given as provided in such proceedings, when regular, which was seen by the plaintiff. No appearance was made by him, and the assessment, without further action, was left as changed on April 13. The point as urged in argument is that the board had no right to make the change in the assessment on the thirteenth; that it could only then decide what assessments should in their opinion be changed, and then make the change, if at all, at the adjourned meeting, after notice, as provided by law. The following is the statute governing such proceedings (chapter 109, Laws, 1880, sec. 3): "At the first meeting of the board of equalization of any

township, town or city, they shall decide what assessment should in their opinion be raised, and make an alphabetical list of names of the individuals whose assessment it is proposed to raise, and post a copy of the same in a conspicuous place in the office or place of meeting of said board, and also in each post-office located in said township, town or city; and the board shall, if in their opinion some assessments should be raised, hold an adjourned meeting, with at least one week intervening after posting of said notices, before final action thereon, which notices shall state the time and place of holding such adjourned meeting." The law evidently does not contemplate that the board shall, before notice, do more than merely consider and determine what assessments should in their opinion be raised, and then give notice and an opportunity for hearing before the assessment is actually raised. The law does evidently contemplate some investigation or inquiry before notice as to a necessity for raising the assessment, for before notice it must reach an opinion that it should be done. It would be unreasonable to expect the board to reach such an opinion except by an investigation as to the facts, and hence it is not the law that a party is entitled to notice before such an investigation as would justify a *prima-facie* conclusion against him; but, when such a conclusion is reached, it is a basis for further action, and a notice must then be given with a view to the parties being heard and final action had. Now, in this case, the only departure from the prescribed form is that the board, in its preliminary investigation, having found that the assessment should be raised, fixed the amount and caused it to be entered of record, not as a finality in their proceedings, but to be further considered after notice to the plaintiff, and such a finding to be then made as the facts would justify. The case of *Henkle v. Town of Keota*, 68 Iowa, 334, is urged as authority against jurisdiction in this case. A reference to the facts will show a clear distinction. By turning to the statement of facts in that case it appears that the

board, on the sixteenth of April, made the assessments; that on the seventeenth "notices were posted up at the proper places, showing the assessments, the amount thereof, and the description of the property, as ordered by the board." Then, turning to the language of the opinion, on page 341, we have this: "The only notice given was after the board had increased the assessment; that is, after the entry of the judgment, notice of this fact was given." ˙ The distinction is surely obvious. In that case there was no notice of a time or place to be heard, but a notice that final judgment was entered. In ˙ this case there was no final judgment or conclusion entered, but only a conclusion upon a preliminary inquiry with notice of time and place to show cause against such entry, and an unquestioned purpose, on final hearing, to know the facts and conform the record or assessment thereto. This seems to be a compliance with the spirit and purpose of the law. The fact of the entry in the record at the time of the preliminary inquiry was at best a mere irregularity, not affecting a substantial right, and should not be allowed to avoid the proceeding. Equitably considered, it is a case in which the plaintiff had actual notice, and an opportunity to show the facts so well known to him, and free himself from any inequality in the public burdens. It is to be regretted if, relying on a technical rule of law, he has neglected to do so. The action of the board not being void for want of jurisdiction, the judgment is

AFFIRMED.