NOGALES CLUB *v.* STATE.

1. SALE OF LIQUORS. *What constitutes. Device. Social club.*

An incorporated social club, maintaining apartments, though exclusively for its members and invited guests, which, without license, dispenses therein to its members intoxicating liquors at a fixed price, although not for gain, is guilty of unlawful retailing.

2. SAME.   *Club-room.   Sale to minor.   Code* 1880, § 1112.

> Accordingly, where the steward of such club sold vinous or spirituous liquors therein to a minor, though a member, the club was properly convicted, under code 1880, § 1112, of being interested in such liquors sold contrary to law.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

The Nogales Club, a corporation, was indicted for selling vinous and spirituous liquors to a minor. This club, composed of a select few in the city of Vicksburg, was incorporated for "the purpose of establishing and maintaining agreeable and beneficial social relations between its members, to encourage and facilitate the dissemination of knowledge, and to provide and maintain an attractive and suitable resort for its members and their visiting friends." The club rents a house and grounds, and is supported by dues and initiation fees from its members. It is provided in its by-laws that the house and grounds shall be kept supplied with all things deemed needful for the comfort and pleasure of members, their families and visiting friends. Among the things deemed needful is a sideboard, or small bar, partially disconnected from the main building, at which the steward, a salaried servant of the club, dispenses wines, liquors, cigars etc., to its members. These are provided from the common fund, and are sold only to the members, at a price fixed by a committee, which price is above cost and in keeping with the usual retail prices prevailing elsewhere in the city. The bar is not conducted for the purpose of making a profit, but as an incident to the general purpose of the club in providing for the comfort and pleasure of its members.

The steward, in the usual course of his duties, sold spirituous liquor to a minor, member of the club, and for this the club and the steward were jointly indicted. The club was separately tried, and was convicted, under the instruction of the court, of being interested in vinous and spirituous liquors

sold contrary to law to a minor. The sections of the code involved are § 1112 of the code of 1880, quoted from in the opinion, and § 1115, which prohibits the sale of vinous and spirituous liquors in any quantity to a minor.

*Dabney & McCabe*, for appellant.

There are many cases in which it is held that a selling, such as is admitted to have been made in this case, is not a violation of the revenue laws requiring a license to sell liquors. There is no difference in principle between those cases and the one at bar. 137 Mass., 364; 11 Lea, 452; 55 Mo., 566; 145 Mass., 119.

*T. M. Miller*, attorney-general, for appellee.

The cases cited by appellant refer to violations of revenue laws. The statute under which appellant has been convicted is entirely in the interest of public morals. This was a sale by an incorporated company of liquor owned by it, and not a distribution among joint owners of common property. The law cannot be evaded. *Marmont v. State*, 48 Ind., 21; *State v. Mercer*, 32 Iowa, 405.

CAMPBELL, C. J., delivered the opinion of the court.

We unhesitatingly adopt as sound, the views of those courts which have held that such a device as was resorted to by the appellant in disposing of vinous and spirituous liquor was a violation of the law against unlicensed retailing. *State v. Mercer*, 32 Iowa, 405; *Marmont v. State*, 48 Ind., 21; *Rickart v. People*, 79 Ill., 85; *Martin v. State*, 59 Ala., 34; *State v. Lockyear*, 95 N. C., 633.

It must be so, unless an association of persons may lawfully do what none of the individuals could; and it would be a reproach to the law if this were so. "If any person shall, directly or by any evasion or subterfuge, violate any provision of this act, then the person so offending (and also any person who may own or have any interest in any vinous or

spirituous liquors sold contrary to this act) shall be liable to indictment," etc.   Code, § 1112.   Under this language, there is no ground for controversy as to the guilt of appellant.

*Affirmed.*