TONY STAJCAR, Appellant, v. JACOB M. DICKINSON, Appellee.

INTOXICATING LIQUORS: Interstate Shipments for Private Consumption. Interstate shipments of intoxicating liquors which are for the *private consumption* of the consignee are, since the passage of the Webb-Kenyon Act, violative of Section 2419, Code, 1897, and damages may not be recovered for the loss of such a shipment.

CONSTITUTIONAL LAW: Title—Sufficiency. The title to the act which enacted Section 2421-b, Code Suppl. Supp., 1915, relating to the record to be kept by common carriers *in re* shipment of intoxicating liquors, is held to amply meet all constitutional requirements.

STATUTES: Revival of Unconstitutional Act. An unconstitutional, but unrepealed, statute becomes operative, without re-enactment, whenever the constitutional objections are removed. So held as to Sec. 2419, Code, 1897, which was originally violative of the Federal interstate commerce clause, but was subsequently revived by the passage of the Webb-Kenyon Act.

CONTRACTS: Violation of Statute. Contracts which contemplate and require a violation of statute law are absolutely void. So held as to a bill of lading covering a prohibited shipment of intoxicating liquors for the private consumption of the consignee.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

DECEMBER 14, 1918.

PLAINTIFF brought suit in justice of the peace court to

recover $7.35, the alleged value of a barrel of beer consigned to him at Valley Junction, Iowa. The shipment was from Omaha, Nebraska, over the line of defendant's railway. Pleadings were filed in justice court, the plaintiff alleging in his petition the purchase and shipment of the liquor from Omaha, Nebraska, and that same was received at the office of defendant in Valley Junction, Iowa, and by its agents delivered to some other person, without the knowledge or consent of plaintiff, and asking judgment for the above amount and costs. Attached to plaintiff's petition was the original bill of lading, showing the name of the consignee, date of consignment, and statement of the goods shipped, which was offered in evidence. Plaintiff testified that he ordered the liquor for his private use, and that he did not intend to keep the same for sale or sell any part thereof. At the close of plaintiff's testimony, the defendant moved the justice to dismiss plaintiff's petition, upon the ground that the evidence showed that the claim was for the value of intoxicating liquors shipped in violation of the laws of the state of Iowa, and that the contract therefor was void, and no recovery of damages could be had on account of the loss of said shipment. The motion was overruled, and judgment entered in favor of plaintiff for the full amount asked. The cause was taken to the district court of Polk County upon a writ of error, which, upon hearing, was sustained, and order entered directing the justice to sustain defendant's motion, dismiss the action, and enter judgment against the plaintiff for costs. The district court further granted plaintiff permission to appeal, as provided by Section 4110 of the Code of 1897. From the order and judgment of the district court, plaintiff appeals.—*Reversed in part; affirmed in part.*

*Vernon Koons,* for appellant.

*J. G. Gamble, F. W. Sargent,* and *C. A. Robbins,* for appellee.

STEVENS, J.—I.   The question presented upon this appeal involves the construction of certain sections of the statute, to wit: 2419 of the Code of 1897, and 2421-a and 2421-b, Supplemental Supplement to the Code, 1915, which are as follows:

1. INTOXICATING LIQUORS: interstate shipments for private consumption.

"Section 2419.   If any express or railway company, or any common carrier, or person, or anyone as the agent or employe thereof, shall transport or convey to any person within this state any intoxicating liquors, without first having been furnished with a certificate from the clerk of the court issuing the permit, showing that the consignee is a permit holder and authorized to sell liquors in the county to which the shipment is made, such company, common carrier, person, agent or employe thereof, shall, upon conviction, be fined in the sum of one hundred dollars for each offense and pay the costs of prosecution, including a reasonable attorney's fee to be taxed by the court.   The offense herein created shall be held committed and complete and to have been committed in any county in the state in which the liquors are received for transportation, through which they are transported, or in which they are delivered.   The defendant in a prosecution under this section may show by a preponderance of the evidence as a defense that the character, circumstances and contents of the shipment were not known to him, or that the person to whom the shipment was made had complied with the provisions of this chapter relating to the mulct tax.

"Section 2421-a.   It shall be unlawful for any railroad company, express company, or other common carrier, or for any person, corporation, steamboat or steamboat line, to carry any intoxicating liquor into the state or from one point to another within the state for the purpose of delivering, or to deliver same to any person, company or corporation within the state, except for lawful purposes.

"Section 2421-b. It shall be the duty of any railroad company, express company, or other common carrier, or corporation, steamboat or steamboat line, or person, who shall for hire carry any intoxicating liquor into the state, or from one point to another within the state, for the purpose of delivery, and who shall deliver such intoxicating liquor to any person, company, or corporation, to keep, at each station or office where it employs an agent or other person to make delivery of freight and keep records relative thereto, a record book, wherein such carrier shall promptly upon receipt, and prior to delivery, enter in ink, in legible writing, in full, the name of the consignor of each shipment of intoxicating liquor to be delivered from or through such station, from where shipped, the date of arrival, the quantity and kind of liquor, so far as disclosed by lettering on the package or by the carrier's records, and to whom and where consigned, and the date delivered. No shipment billed in whole or in part as intoxicating liquor shall be delivered to the consignee until such consignee upon such record book enters in ink, in legible writing, his full name and residence or place of business, giving the name of the town or city, and the street name and number where there is such, and certifies that such liquor is for his own lawful purposes or private consumption."

The trial court, in the construction of Section 2421-b, held that the last sentence thereof was intended to authorize common carriers to transport and deliver intoxicating liquors within this state to the consignee named in the bill of lading, who had caused said liquors to be shipped to him for his private consumption, upon compliance with the requirements of said statute as to certifying said fact upon the record kept by the carrier at the point of delivery. It was contended by counsel for appellee in the court below, as it is in this court, that this provision of the statute is uncon-

2. Constitution-
   al law: title:
   sufficiency.

stitutional, for the reason that no reference was made thereto in the title to the act, as required by Section 29, Article 3, Constitution of the state of Iowa, as follows:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

This section does not, in terms nor by implication, repeal any prior statutes, nor authorize common carriers to transport liquor from a point outside of, or to a point within, this state, or between points therein. What it does, is to provide that certain records of the receipt and delivery of intoxicating liquors shall be kept by common carriers at certain of its offices or stations therein designated.

Separated into its several parts, the statute requires: (a) That common carriers, or other persons who shall carry any intoxicating liquors into this state or from one point to another therein for hire, and for the purpose of delivery, or (b) who shall deliver such intoxicating liquor to any person, company, or corporation, shall (c) keep at each station or office where it employs an agent or other person to make delivery of freight and keep records relative thereto, a record book, wherein (d) there shall be entered, promptly upon receipt, and prior to delivery thereof, in ink, in legible writing, in full, the name of the consignor of each shipment of intoxicating liquor to be delivered from or through such station, from where shipped, date of arrival, quantity and kind of liquor, so far as shown by lettering on the package or the carrier's record, to whom and where consigned, and the date of delivery, and (e) before delivery, shall require the consignee to enter upon said record book, in legible writing, in ink, his full name, residence, place of business, and his certificate that such liquor is for his own lawful purposes or private consumption.

The subject-matter of the act of which Section 2421-b is a part is different from that of Section 2419. The latter statute, as hereinafter fully discussed, makes certain acts of common carriers a misdemeanor; whereas Section 2421-b requires common carriers to provide and keep a record of liquors received and delivered at certain stations, as above stated. The law relating to the shipment and transportation of intoxicating liquors by common carriers remained the same after the enactment of Section 2421-b as prior thereto. The provisions of the Constitution requiring the subject of every legislative act to be expressed in the title were fully complied with.

The statute requires certain carriers to keep a daily record of shipments of intoxicating liquors, and prohibits delivery thereof without compliance therewith, and makes same a misdemeanor. The title of the act is as follows, and fully complies with the Constitution:

"An act requiring common carriers of intoxicating liquor to keep a daily record of such shipments; prohibiting the delivery of such shipments unless so recorded; providing for inspection of such records by certain public officers designated; and making the failure to comply with the requirements of this act a misdemeanor."

A mere reading of the title will show full compliance with the constitutional requirement; and hence, the holding of the district court that a portion of Section 2421-b is unconstitutional cannot be sustained.

II. Having held the act constitutional, the next questions presented are: What, if any, change resulted, by the above enactment, in the law of this state relative to the shipment of intoxicating liquors therein, and 3. STATUTES: revival of unconstitutional act. what effect must be given to the statute in question, and what, if any, application must be made of Section 2419 to the facts involved?

Section 2419, supra, makes the transportation of liquor by common carriers within this state a misdemeanor, except to permit holders who have previously furnished such carrier with a certificate from the clerk of the court of the county issuing the permit to which shipment is made, showing the consignee to be a permit holder. It provides further, however, that, if the defendant in a prosecution for the violation of this section shows, by a preponderance of the evidence, that the character, circumstances, and contents of the shipment were not known to him, or that the person to whom the shipment was made had complied with the provisions of the mulct law, same will operate as a complete defense to such prosecution. It will be observed that this statute does not, in terms, prohibit the common carrier from transporting liquor into this state, but makes it a misdemeanor for it to do so. The effect, however, of the statute is none the less prohibitive.

Section 2421-a, supra, supplements Section 2419, and makes it unlawful for any common carrier or person to carry intoxicating liquors into the state, or from one point to another within the state, for the purpose of delivering same to any person, company, or corporation therein, except for lawful purposes. This section does not define the term "lawful purposes," nor need we, at this time, construe or apply the same, as it is not claimed that plaintiff comes within any of the classes designated by statute as specifically excepted from the operation of the statute; and, if prohibited by Section 2419, the shipment was illegal.

The shipment in question was delivered to defendant at Omaha, Nebraska, and shipped therefrom to Valley Junction, in this state. A bill of lading was issued, and the shipment was handled in the ordinary manner for handling other freight.

The Supreme Court of the United States, in *Rhodes v. State of Iowa*, 170 U. S. 412 (42 L. Ed. 1088), held Section

2419 unconstitutional. Although non-enforcible, it remained a part of the statute, and, by the enactment of the so-called Webb-Kenyon Act, became operative and enforcible the same as though it had not previously been declared unconstitutional, or had been enacted by the legislature subsequent to the passage of the law of Congress. *State v. United States Exp. Co.,* 164 Iowa 112; *Miller Brewing Co. v. Stevens,* 102 Iowa 60.

The Webb-Kenyon law, which divested intoxicating liquors shipped from one state into another in violation of the laws of that state of their interstate character, was passed by Congress after the decision in *Rhodes v. State,* supra, and prior to the enactment of Sections 2421-a and 2421-b, supra. The constitutionality of this act was the subject of much controversy among lawyers, until the decision of the Supreme Court of the United States in *Clark Distilling Co. v. Western Md. R. Co.,* 242 U. S. 311, was handed down, on January 8, 1917, holding the law constitutional.

The trial court evidently construed Section 2421-b as conferring authority upon common carriers to transport and deliver intoxicating liquors to persons within this state desiring the same for private consumption; but, in our opinion, the act does not accomplish that purpose. It does no more than provide for and require the keeping of certain records by common carriers at certain offices or stations of the receipt and delivery of intoxicating liquors.

The most that can be claimed for the last clause of this section is that it apparently assumes that the individual had the right to have intoxicating liquors shipped and delivered to him for his private consumption. If this right is not denied by statute, the carrier would be compelled to receive and transport same, and the effect of the statute under consideration would be, to some extent, to regulate such shipments. The purpose of the record to be kept is expressed in Section 2421-d. It is to give publicity to liquor

shipments, and to enable officers charged with the prosecu-
tion of violations of the statute prohibiting the keeping for
sale or selling thereof to obtain information helpful in
making proof of the claimed violation.

Section 2419 makes it a misdemeanor for a common
carrier to transport intoxicating liquor within this state,
except for delivery to a lawful permit holder, upon com-
pliance with the requirements therein set forth, and exempts
it from the penalty of the law, if it is shown by a prepon-
derance of the evidence that the shipment which has been
made the basis of a prosecution was to a person who had
complied with the provisions of the mulct law, or when the
character of the shipment was unknown to it.

The legislature, in the enactment of the latter clause
of Section 2421-b, may have assumed that the law as it ex-
isted did not prohibit shipments of liquor by common car-
riers into this state for private consumption, or that it was
without authority to do so.

This court, in *State v. Wignall,* 150 Iowa 650, the opin-
ion in which was filed prior to the enactment of the Webb-
Kenyon law, used language which might indicate that it
held the view that the legislature was without power to
prohibit the shipment of liquor into this state for personal
use.   The language used is clearly dictum, and doubtless
the writer of the opinion had in mind the decision of the
Supreme Court of the United States in *Rhodes v. State,*
supra, declaring Section 2419 in violation of the Federal
Constitution.   The effect of the enactment of the Webb-Ken-
yon law, divesting shipments of intoxicating liquors into a
state in contravention of the laws thereof of their interstate
character, had the effect to revive and render Section 2419
operative without re-enactment.   *State v. United States Exp.
Co.,* 164 Iowa 112; *Miller Brewing Co. v. Stevens,* 102 Iowa
60.   The Webb-Kenyon Act and Section 2419 were in full
force at the time the transactions involved in this case were

had, and we have only to determine whether same are applicable thereto, and, if so, the effect thereof.

Section 2419, as above stated, makes it a misdemeanor for a common carrier to transport liquor within this state and deliver same to a person not coming within one of the exceptions contained therein. This statute must be held to apply to all shipments, to whomsoever made, or for whatever purpose. A common carrier charged with its violation would not be permitted to say in defense that the shipment challenged by the prosecution was to a person desiring the liquor for private consumption. The statute makes every shipment a misdemeanor, except those to certain persons specifically named and designated therein.

The United States Circuit Court of Appeals for the Seventh Circuit, in *Hamm Brewing Co. v. Chicago, R. I. & P. R. Co.*, 243 Fed. 143, in which the state of Iowa, as intervenor, appealed "from a decree of the district court making permanent its preliminary mandatory order directing the receiver for the Chicago, Rock Island & Pacific Railway Company to receive, transport and deliver any beer or other fermented malt liquors, sold and consigned in Minnesota, Wisconsin or Illinois by the complainants the Hamm Brewing Company, the Heilman Brewing Company, and the Rock Island Brewing Company, or any other person similarly situated, to persons residing in the state of Iowa who shall have purchased the liquor for their own lawful purposes and private consumption, whenever the purchaser shall in writing authorize the delivery of the liquor by the carrier to some designated person, for the purpose of carrying it from the railway station to the residence of the purchaser, provided the writing certifies that the beer or fermented malt liquor is for the purchaser's own consumption," held as follows:

"What, then, is the sound construction of Section 2419? In express terms, it prohibits only the transportation or con-

veyance to any person of intoxicants; it does not expressly prohibit their possession or receipt by him. But such a receipt necessarily implies a conveyance to and delivery by another. And while the recipient, as such, may not be a violator of the law, his receipt of the liquor from the carrier necessarily involves a violation of the law by the carrier that illegally conveys it to him. The receipt, then, should fairly be deemed to be in violation of the law of Iowa, whether the carrier alone or the recipient as well be punishable therefor. And while the West Virginia act, considered in the *Clark Distilling Co.* case, supra, expressly forbade the receipt or possession of liquor, irrespective of the use to which it was to be put, the Iowa act, in our judgment, no less effectually covers the same ground."

While the above decision is not binding upon this court as a precedent, it is, nevertheless, as the decision of a distinguished Federal appellate court construing the identical statute under consideration, persuasive. The Supreme Court of the United States, in *Clark Distilling Co. v. Western Md. R. Co.*, supra, sustained the constitutionality of a West Virginia act, prohibiting the transportation of intoxicating liquors into that state for private consumption.

It is elementary that damages cannot be recovered for the violation of a contract entered into for an immoral consideration, or where the making thereof is an offense under the statute, or where same is, in terms, pro-

**4. CONTRACTS: violation of statute.** hibited thereby. *Koepke v. Peper,* 155 Iowa 687; *Oscanyan v. Arms Co.,* 103 U. S. 261; *McMullen v. Hoffman,* 174 U. S. 639. As plaintiff does not come within the exceptions mentioned in Section 2419, the shipment of the liquor consigned to him was a violation of the above statute, and no action for damages could be maintained on account of the failure to deliver the liquor to him.

What is said above is without reference to the act of

Congress commonly called the "Reed Bone Dry Law," 39 Stat. at L. 1069, which did not become effective until July 1, 1917, but which provided:

"Whoever shall order, purchase or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal, and mechanical purposes, into any state or territory the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished as aforesaid; provided, that nothing herein shall authorize the shipment of liquor into any state contrary to the laws of such state; provided, further, that the postmaster general is hereby authorized and directed to make public from time to time in suitable bulletins or public notices the names of states in which it is unlawful to advertise or solicit orders for such liquors."

It therefore follows that, in so far as the ruling and judgment of the district court held any part of Section 2421-b unconstitutional, it is reversed; otherwise, the judgment of the lower court is affirmed.—*Reversed in part; affirmed in part.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.