J. CAMARAS, Appellant, v. CITY OF SIOUX CITY et al., Appellees.

**CONSTITUTIONAL LAW:** Title of Act—"Properly Connected Therewith." A title which expresses a purpose to enact a law *"for the licensing"* of an occupation justifies a provision in the law for the *"rejection of the application"* for the license.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

OCTOBER 25, 1921.

ACTION in equity, to enjoin defendants from interfering with his operation of a so-called jitney bus on the streets of Sioux City, and to enjoin defendants from prosecuting him for the violation of an ordinance passed pursuant to Chapter 115, Acts of the Thirty-ninth General Assembly. Appellant's contention is that Section 4 of that act is unconstitutional, for that the subject thereof is not expressed in the title to the act, as required by Section 29, Article 3, of the Constitution of Iowa. Appellant also asks that the city authorities be required to issue

to him a license to operate his bus. He claims this right under what he alleges to be the valid provisions of the act. The matter was first presented to the district court for a temporary writ. After a hearing, plaintiff was denied the relief asked. Thereafter, defendants filed an answer, reciting the conditions existing in Sioux City in regard to a controversy between the city and the public and the street .cars, and in regard to congestion of the streets, public safety and welfare, and so on, and set up their defenses. The plaintiff has appealed. A stipulation has been made, by which· this court is to·finally pass upon the question presented, as though the hearing had been on the merits.— *Affirmed.*

*Carlos W. Goltz,* for appellant.

*Fred H. Free* and *E. G. Smith,* for appellees.

*Kindig, McGill, Stewart & Hatfield,* Amici Curiae.

PRESTON, J.—Several questions were raised in the district court, and some of them have been argued in this court. In a general way, these questions, outside of the question raised in regard to the title of the act of the legislature, are that Section 4 of the act, giving to the city council power to accept or reject all applications, is void, because contrary to public policy. Appellant questions the ˙motives of the council in rejecting appellant's application, and argues that the council cannot arbitrarily reject. Appellant also contends that the words "licensing," "regulating," and "limiting" the operation, as used in the act, do not mean prohibition. On the other hand, it is contended by appellees that the power to regulate is so broad that it includes the power to prohibit, under some circumstances; and further, that a discretion is lodged in the city council as to whether an application for a license shall be granted or rejected; and that, therefore, the motives of the council in rejecting may not be questioned. Appellees also contend that, irrespective of the provisions of Section 4 of the act in question, the council has authority, under the provisions of the Code, and under Section 2 of the act in question, and under the police power, to reject the application of appellant to use

the streets for commercial purposes, as a common carrier for hire. Appellees also contend that the act of the legislature in question is valid as a whole, and that under it the council had the right to reject appellant's application. In a general way, these are the questions at first argued. There may be others; but counsel for appellant has stated in oral argument that all questions except the one before stated, in regard to the title of the act, are waived. That seems to be the question most relied upon in the printed argument. It is also strenuously insisted that the use of the words "license," "regulate," etc., used in the legislative act in question, do not mean prohibition. In so far as the argument at this point involves a construction of the act in that respect, we need not, in view of the situation as it now exists, discuss that question. The words referred to may properly be considered as bearing upon the one question now in the case.

It appears that appellant duly filed in the office of the clerk of the district court a bond; that he filed his application for a license with the city clerk, stating the type of motor car or jitney bus to be used by him, the license number thereof, and the other matters required; and that such application for a license was rejected by the city council. The application also named the streets upon which he intended to operate, and stated that, if the routing proposed was not acceptable to the council, he would accept any other reasonable routing which the council might prescribe. It is conceded by appellant that, for the purposes of this case, he has no vested right in the streets or in their use, to carry on the business contemplated. It seems to be conceded by appellant that, if Section 4 of Chapter 115 is valid, it gives the city council a discretion to grant or reject an application for license; and that if such discretion has been properly exercised, mandamus will not lie, to control such discretion. The council has acted, by rejecting appellant's application. This brings us back to the one question in the case.

1. Appellees call attention to the Constitution of 1846, Article 3, Section 26, which reads that every law shall embrace but one subject, which shall be expressed in the title. This was changed later, and now reads:

"Every act shall embrace but one subject, and matters

properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.'' Article 3, Section 29.

As said, it is appellant's contention that, under this, Section 4 of the Acts of the Thirty-ninth General Assembly, before cited, is invalid, and that the balance of the act is valid. Appellees also point out that the statutory provision in regard to ordinances, Code Section 681 (Section 3575, Compiled Code), provides that:

''No ordinance shall contain more than one subject, which shall be clearly expressed in its title.''

It was pointed out in *Town of Cantril v. Sainer*, 59 Iowa 26, a case cited by appellant, that the law requiring the subject of an ordinance to be clearly expressed in the title is more explicit than the constitutional requirement in regard to the acts of the legislature. The title to the legislative act in question reads:

''An act repealing Section Seven hundred fifty-four-a (754-a) Supplemental Supplement to the Code, 1915 (C. C. Sec. 3814), and enacting in lieu thereof provisions for the licensing, regulating and limiting the operation of so-called jitney busses and all motor vehicles operating and engaged in carrying passengers for hire on a plan similar to that followed by street railway companies, upon the streets and avenues of cities,'' etc.

Section 1 contains the power granted to regulate and license. Section 2 provides that the city or town council may prohibit jitney busses from operating on streets upon which are operated street-car lines, etc. Section 3 provides that no such license shall be granted unless and until the applicant therefor shall file a bond and an application for such license, stating certain things. Section 4 reads:

''That the city or town council may grant or reject the said application, and if the said application is rejected, other applications may be made, and likewise the city or town council may grant or reject the same.''

Section 5 provides a penalty for operating a bus upon the streets without said license.

To sustain the contention that Section 4 of Chapter 115 is unconstitutional, appellant cites *Town of Cantril v. Sainer,* supra; *Rex Lbr. Co. v. Reed,* 107 Iowa 111; *Henkle v. Town of Keota,* 68 Iowa 334. The *Sainer* case had to do with an ordinance the title of which had reference to regulating the use and sale of intoxicating liquors, but did not refer to the entire prohibition of such use and sale; whereas the body of the act did entirely prohibit. The question of prohibition was not referred to in the title, and it was held that the ordinance was invalid, because the subject of prohibition was not clearly expressed in the title, and for the further reason that the ordinance went further than the statute then authorized. In *Rex Lbr. Co. v. Reed,* the title of the act was to amend a certain section of the statute relating to the lien of taxes between vendor and vendee, which section made taxes on real estate a lien on the real estate; and it was held not sufficient to support a provision to aid in collection of taxes where a stock of goods was sold, authorizing the auditor on notice to change the name as to the owner, because the title did not indicate that additional means of collection are given to public officers, though the statute, in fact, did that. In other words, there was an attempt to amend a specific section of the statute. To comply with the statute, the amendment would necessarily be confined to the scope of the section which it purported to amend; otherwise, the amendment would embrace matters not germane to the matters covered by the original section. A somewhat similar situation arose in the *Henkle* case, and in *Des Moines Nat. Bank v. Fairweather,* 191 Iowa 1240.

Concededly, the purpose of the constitutional provision is to prevent surprise in legislation.

The argument of appellant for claiming that Section 4 is invalid is substantially this: The only purpose of the act, as expressed in its title, is to license, regulate, and limit the operation of busses, and not to exterminate or prohibit them.

It may be more a question of granting or rejecting a license, or an application for a license, than of prohibiting the operation of busses. If the application is rejected, that would, in a sense, prohibit. But that has to do with the question of the construction of Section 4. The question is: Is the subject of the act expressed in the title, or "properly connected therewith?"

Clearly, the question of licensing busses is expressed in the title, and Section 4 relates to an application for a license, referred to in Section 3 of the act. It is true, as contended by appellant, that Section 4 does not use the word "prohibit." Whether that is the meaning of Section 4 will be determined when the time comes to pass upon that question. When that time comes, we may hold that Section 4 gives the council a discretionary power to grant or reject an application for a license.

The title refers to the subject of licensing busses; Section 4 refers to the same thing. Clearly, there was no concealment or ambush in regard to the matter referred to in Section 4. No member of the legislature or anyone else could, by reading the title to Chapter 115, be misled into thinking that Section 4 referred to something else, not connected with or germane to the question of licensing so-called jitney busses. The courts are slow to exercise the power of declaring an act of the legislature unconstitutional and void, and the power will not be used except in a clear case. It is the duty of the court to give such construction to an act, if possible, as will avoid this necessity and uphold the law. *State v. County Judge,* 2 Iowa 280; *Wise v. Palmer,* 165 Iowa 731, 743; *State v. Hutchinson Ice Cream Co.,* 168 Iowa 1. It is not practicable, and is wholly unnecessary, to again review the numerous cases on this subject. As sustaining our conclusion on the main point, we cite a few of the many cases. *State v. Forkner,* 94 Iowa 1, 8; *Cook v. Marshall County,* 119 Iowa 384, 396; *City of Newton v. Board of Supervisors,* 135 Iowa 27, 30; *Schultz v. Parker,* 158 Iowa 42; *State v. Hutchinson Ice Cream Co.,* supra; *Huston v. City of Des Moines,* 176 Iowa 455, 467; *State v. Hill,* 177 Iowa 270, 273; *Stajcar v. Dickinson,* 185 Iowa 49, 53; *Johnson v. Harrison,* 47 Minn. 575; *State v. Town of Union,* 33 N. J. L. 351; *Montclair v. Ramsdell,* 107 U. S. 147; *Cohn v. People,* 149 Ill. 486 (23 L. R. A. 821, 823); 25 Ruling Case Law 843 to 849.

The judgment of the district court is—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.