UNITED STATES ex rel. F. ZIMMERMAN & CO. v. OREGON–WASHINGTON R. & NAVIGATION CO. et al.

(District Court, D. Oregon. December 8, 1913.)

No. 6197.

1. INTOXICATING LIQUORS (§ 14*)—STATE REGULATIONS OF SHIPMENT—CONSTITUTIONALITY OF STATUTE.

Sess. Laws Idaho 1909, p. 9, which makes it a crime, inter alia, for any person or corporation within the state to accept for shipment or transport any intoxicating liquor to any person, club, corporation, etc., in any prohibition district or place in the state, except for certain specified purposes, although construed as its language warrants to make unlawful such shipments, even when the liquor is intended for the personal use of the consignee, is not unconstitutional, but a valid exercise of the police powers of the state.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 16; Dec. Dig. § 14.*]

2. COMMERCE (§ 61*)—INTERSTATE TRAFFIC IN INTOXICATING LIQUORS—CONSTITUTIONALITY OF STATUTE.

The Webb-Kenyon Act of March 1, 1913, c. 90, 37 Stat. 699, which prohibits the shipment or transportation of intoxicating liquors from one state into another when such liquor is intended to be received, possessed, sold, or in any manner used in violation of any law of such state, is not so clearly unconstitutional as, to justify its being so declared by a federal court of original jurisdiction.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 81–84, 89; Dec. Dig. § 61.*]

3. COMMERCE (§ 61*)—INTERSTATE TRAFFIC IN INTOXICATING LIQUORS—RIGHT OF CARRIER TO REFUSE SHIPMENTS.

Under such statute, where the law of a state prohibits the transportation of liquor into a prohibition district within the state, an interstate carrier may lawfully refuse to accept liquors for shipment from points in other states to points within such a prohibition district.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 81–84, 89; Dec. Dig. § 61.*]

At Law. Petition of F. Zimmerman & Co. against the Oregon-Washington Railroad & Navigation Company and others for writ of mandamus. Writ denied.

Snow & McCamant, Geo. B. Guthrie, and Zera Snow, all of Portland, Or., for petitioner.

A. C. Spencer and E. L. McClure, both of Portland, Or., for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BEAN, District Judge. This is a petition for a writ of mandamus requiring the defendant railway companies to accept for transportation and to transport from Portland, Or., to Heyburn, in the state of Idaho, a gallon of whisky consigned to and intended for the personal use of one Charles Holsten.

Heyburn is within a prohibition district in Idaho, and by the laws of that state (Session Laws 1909, p. 9) it is made a crime for any person, either directly or by any device or subterfuge, to sell, furnish, deliver, give away. or otherwise dispose of intoxicating liquor of any kind in any prohibition district, except for certain specified purposes not material here. And it is also made a crime for any person, firm, corporation, society, or club within the state to accept for shipment, transportation or delivery, or to ship, transport, or deliver any intoxicating liquors to any person, firm, corporation, society, or club in any prohibition district in the state, or to any point or place in the state where the sale of intoxicating liquors is prohibited, except for certain specified purposes (medicinal, mechanical, manufacturing, and scientific, or wine for sacramental purposes), or as permitted by the Interstate Commerce Laws of the United States. The recent act of. Congress, known as the Webb-Kenyon Act, chapter 90, 37 Statutes at Large, 699, prohibits the shipment or transportaion in any manner, or by any means whatever, of intoxicating liquor of any kind from one state into another, which liquor is intended by any person interested therein to be received, possessed, sold, or in any manner used, either in the original package or otherwise, in violation of any law of such state.

In obedience to and in conformity with the act of Congress and the laws of Idaho, the defendant companies have promulgated a rule to the effect that shipments of intoxicating liquor from points outside of the state of Idaho to points within a prohibition unit of such state shall be governed by the same rules as purely intrastate shipments, and therefore refused to accept the shipment in question. The point for decision is whether the regulation referred to is valid. The contentions of the petitioner are: (1) That the law of Idaho does not prohibit intrastate shipments of intoxicating liquors into dry territory for the personal use of the consignee; (2) that if it does, it is to that extent invalid because an unwarranted interference with the liberty and property of a citizen; and (3) that the act of Congress known as the Webb-Kenyon law is unconstitutional because it confers on a state the right to regulate and control interstate commerce.

[1] The language of the Idaho statute is manifestly broad enough to make unlawful all intrastate shipments of intoxicating liquors (except certain shipments not material here), although intended for the personal use of the consignee. And in my judgment it should be so treated and considered by a nisi prius court sitting in another jurisdiction until it is otherwise interpreted by the courts of Idaho, and especially in a case where it is sought by mandamus to compel a defendant to violate the terms of the statute. Nor am I prepared at this time to say that such a provision is unconstitutional. The Supreme Court of the United States held, in Mugler v. Kansas, 123 U. S. 662, 8 Sup. Ct. 273, 31 L. Ed. 205, that a state might lawfully prohibit the

manufacture of intoxicating liquors for the personal use of the manufacturer, if in the judgment of the lawmaking power such manufacture would tend to cripple or defeat the effort to guard the community against the evils arising from the excessive use of such liquors, and that the courts should not, upon their views of what is best and safest for the community, disregard the legislative determination of that question.

If, for the reason stated, a state may lawfully prohibit the manufacture of intoxicating liquors for the personal use of the manufacturer, why may it not for the same reason lawfully prohibit the transportation thereof for the individual use of the consignee? The question in either case would seem to be one of public policy, the determination of which belongs to the lawmaking power and not the courts. I, therefore, assume for the purposes of this case that the laws of Idaho prohibit the intrastate shipment of intoxicating liquors into dry territory for the individual use of the consignee, and that such legislation is valid.

[2, 3] The constitutionality of the Webb-Kenyon law was much discussed during its consideration by the legislative and executive departments of the government, and lawyers of eminent ability differed in regard thereto. Since its passage it has been the subject of judicial consideration in a few cases. It has been held unconstitutional by a nisi prius court in Iowa, and possibly has been so regarded by Judge Willard, United States District Judge for the District of Minnesota. The only court of last resort which has passed on the question to my knowledge is the Supreme Court of Delaware, which, in an able and exhaustive opinion, held the law to be constitutional and valid. State v. Grier (Del. Gen. Sess.) 88 Atl. 579.

The authorities bearing on the question are cited, referred to, and commented upon at length by the learned Chief Justice, and I can add nothing of value to the discussion. The question can be finally determined only by the Supreme Court of the United States, and until that court has passed upon it I conceive it to be the duty of courts of original jurisdiction, in view of the contrariety of opinion, to treat the legislation as valid, for, as said by Chief Justice Marshall, in Fletcher v. Peck, 6 Cranch. 87, 3 L. Ed. 162:

"The question whether a law be void for its repugnancy to the Constitution is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case. * * * It is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other."

I may add that it is difficult for me to distinguish in principle the legislation now under consideration from the act of Congress of August 8, 1890, making interstate shipments of liquor upon their arrival in a state' subject to the operation and effect of the laws of such state or locality, to the same extent as though such liquors had been produced in such state, and which was challenged on the grounds now urged against the Webb-Kenyon law, but held valid by the Supreme Court. In re Rahrer, 140 U. S. 545, 11 Sup. Ct. 865, 35 L. Ed. 572.

In any event, the law is not so clearly unconstitutional as to justify this court in compelling the defendants to violate it.

The writ is therefore denied, and the petition dismissed.