# ROSSI *v.* COMMONWEALTH OF PENNSYLVANIA.

## ERROR TO THE SUPERIOR COURT. OF THE STATE OF PENNSYLVANIA.

No. 193.   Argued March 11, 1915.—Decided June 1, 1915.

A State may not punish one who sells and delivers liquor in original packages within the State pursuant to orders solicited within the State but delivered from without the State, under the circumstances of this case which arose prior to the Webb-Kenyon Law.

The transportation of intoxicating liquor, as of other merchandise, from State to State is interstate commerce and cannot be interfered with by the States except as permitted by Congress.

The Wilson Act of 1890, while placing liquor on arrival at destination under the law of the State, does not subject liquor transported in interstate commerce to state regulation until after arrival at destination and delivery to the consignee or purchaser.

Under the Wilson Act the power of the State does not extend to a shipment of liquor prior to delivery to the purchaser because it was transmitted in pursuance of an order previously obtained within the State, where, as in Pennsylvania, there is no statute prohibiting the solicitation and taking of such orders for liquor without a license. *Delamater* v. *South Dakota,* 205 U. S. 93, distinguished.

53 Pa. Sup. Ct. 210, reversed.

THE facts, which involve the validity under the commerce clause of the Federal Constitution of a conviction for selling liquor without a state license, and the construction of the Wilson Act of 1890, are stated in the opinion.

*Mr. H. C. McClintock* for plaintiff in error.

*Mr. Thomas W. Dickey*, with whom *Mr. Clyde V. Ailey* was on the brief, for defendant in error:

Section 15 of the Statute of Pennsylvania, commonly called the Brooks Law, applies as the sale took place in Pennsylvania.

The sale must be made in the county where the defendant holds a license and in the regular course of business.

The plaintiff in error had no license to sell liquors in Lawrence County, Pennsylvania, and the orders were not taken in the regular course of business.

The contract was made in Lawrence County, they were to be there executed, and the goods were delivered, as by contract required, in Lawrence County, Pennsylvania. These facts stamp the transactions as sales in the County of Lawrence, State of Pennsylvania. *Commonwealth* v. *Holstine*, 132 Pa. St. 357; *Commonwealth* v. *Guinzburg*, 46 Pa. Sup. Ct. 488; *Norfolk & Western Ry. Co.* v. *Sims*, 191 U. S. 441.

The Brooks Act was enacted in the exercise of the police powers of the Commonwealth of Pennsylvania.

The sales made by the plaintiff in error were not exempt from the police power of the State of Pennsylvania, because of the commerce clause of the Constitution of the United States, and notwithstanding the provisions of the Wilson Act. The Wilson Act does not prevent, but assists the State of Pennsylvania in exercising its rights under the police powers of the State. *Phillips* v. *Mobile*, 208 U. S. 478; *Vance* v. *W. A. Vandercook Co.*, 170 U. S. 438, 446;

*Reymann Brew. Co.* v. *Brister,* 179 U. S. 445; *Pabst Brewing Co.* v. *Crenshaw,* 198 U. S. 17, 25; *Delamater* v. *South Dakota,* 205 U. S. 93; *Commonwealth* v. *Zelt,* 138 Pa. St. 627.

If plaintiff in error be correct, a person may take out a license on or near the Ohio state line, go into any part of the State of Pennsylvania, take verbal orders for any amount of liquors and deliver the same, by person or by wagon or by his agent, collect the purchase price in the State of Pennsylvania, thus making sales in Pennsylvania without any of the police powers of the State being able to regulate, restrain or prohibit him from so doing. This clearly is beyond the power of Congress to regulate interstate commerce.

While Congress has the power to regulate commerce the States may validly affect commerce in the exercise of their inherent and inalienable police power and under the taxing power. *Munn* v. *Illinois,* 94 U. S. 135; *Bowman* v. *Chicago & N. W. R. R.,* 125 U. S. 465; *Powell* v. *Pennsylvania,* 127 U. S. 678; *Commonwealth* v. *Paul,* 170 Pa. St. 284; *Plumley* v. *Massachusetts,* 155 U. S. 461.

The Wilson Act gives the right to the State of Pennsylvania to exercise its police powers on intoxicating liquors transported into the State, remaining therein for use, consumption, sale or storage therein and upon the arrival of such liquor in this State.

Soliciting is a part of the sale. *Lang* v. *Lynch,* 38 Fed. Rep. 489; *Brown* v. *Wieland,* 116 Iowa, 711; *Delamater* v. *South Dakota,* 205 U. S. 93.

MR. JUSTICE PITNEY delivered the opinion of the court.

Plaintiff in error was convicted in the Court of Quarter Sessions of Lawrence County, in the State of Pennsylvania, of the crime of selling intoxicating liquors in that county without a license, contrary to § 15 of an act of May 13,

1887 (P. L. p. 113), which declares: "Any person who shall hereafter be convicted of selling or offering for sale any vinous, spirituous, malt or brewed liquors, or any admixture thereof, without a license, shall be sentenced," etc. The Superior Court affirmed the conviction (53 Pa. Sup. Ct. 210), the Supreme Court of the State refused an appeal, and this writ of error was allowed.

The facts are these: Plaintiff in error is a liquor dealer having his place of business in the County of Mahoning, in the State of Ohio, which immediately adjoins Lawrence County, Pennsylvania. He had no license to sell in Lawrence County, nor any place of business there; but went into that county and there took an order for liquor, with the understanding that the liquor should be thereafter delivered from his stock in Ohio to the residence of the purchaser in Pennsylvania. He returned to Ohio, there loaded the goods upon his own wagon, and either by himself or his employé drove across the state line and delivered the liquor to the residence of the purchaser pursuant to the contract. Thus the sale was negotiated in Pennsylvania, but contemplated and required for its fulfillment a transaction in interstate commerce, which afterwards took place, with resulting delivery in Pennsylvania.

The charge, as will be observed, was selling, not offering for sale. And it is admitted that by the Pennsylvania decisions the act of taking orders for future delivery is not punishable under the statute cited, or any other, and that it is not the making of an executory contract but the executed sale that is punishable. *Commonwealth* v. *Smith,* 16 Pa. Co. Ct. 644, 646, 647; *Star Brewing Company's License,* 43 Pa. Sup. Ct. 577, 580; *Commonwealth* v. *Guinzburg,* 46 Pa. Sup. Ct. 488, 497; and see *Garbracht* v. *Commonwealth,* 96 Pa. St. 449, 453. And so, in the present case, the Superior Court (53 Pa. Sup. Ct. 220) recognized that it was not the making of the executory contract, but

the execution of it, that involved a violation of the law of
the State.

The Federal question presented is whether, under the
act of Congress approved August 8, 1890 (c. 728, 26 Stat.
313), known as the Wilson Act, the State of Pennsylvania
may punish plaintiff in error for delivering in that State
liquors transported in interstate commerce, under the
circumstances stated. The case arose before the passage
of the act of March 1, 1913 (c. 90, 37 Stat. 699), known
as the Webb-Kenyon Act, and the effect of this legislation
is therefore not now involved.

As has been recently pointed out in *Kirmeyer* v. *Kansas*,
236 U. S. 568, 572, the transportation of intoxicating
liquor, as of other merchandise, from State to State, is
interstate commerce, and state legislation which penalizes
it or directly interferes with it, otherwise than as permitted
by an act of Congress, is in conflict with the commerce
clause of the Federal Constitution; and while Congress,
in the Wilson Act, declared in substance that liquors trans-
ported into any State or remaining therein for use, con-
sumption, etc., shall upon arrival in such State be subject
to the operation and effect of its laws enacted in the ex-
ercise of the police power, to the same extent and in the
same manner as though the liquors had been produced
in such State, and shall not be exempt therefrom by reason
of being introduced in original packages, this does not
subject liquors transported in interstate commerce to
state regulation until after their arrival at destination
and delivery to consignee or purchaser. *Leisy* v. *Hardin*,
135 U. S. 100, 110; *Rhodes* v. *Iowa*, 170 U. S. 412, 423;
*American Express Co.* v. *Iowa*, 196 U. S. 133, 142, 143;
*Louis. & Nash. R. R.* v. *Cook Brewing Co.*, 223 U. S. 70, 82.

The Pennsylvania Superior Court deemed that the
present case was controlled by *Delamater* v. *South Dakota*,
205 U. S. 93, where a statute imposing an annual license
charge upon the business of selling or offering for sale

intoxicating liquors within the State by traveling salesmen soliciting orders was held to be enforceable in view of the Wilson Act, even as applied to the business of soliciting, within the borders of the State, proposals for the purchase of liquors which were to be consummated by the delivery within the State of liquors to be brought from without. That case, however, has no present pertinency, since the prohibition of the Pennsylvania statute is not addressed to the business of soliciting contracts for the purchase of liquor, but to the sale of the liquor itself; and by the terms of the Wilson Act, as previously construed, the control of this subject by the several States is postponed until after the delivery of the liquor within the State.

*Judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.*