THEO. HAMM BREWING CO. et al. v. CHICAGO, R. I. & P. RY. CO. et al.
STATE OF IOWA v. THEO. HAMM BREWING CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   April 10, 1917.   Rehearing Denied
May 31, 1917.)

No. 2369.

1. COMMERCE ⟨⟩14—INTERSTATE COMMERCE—INTOXICATING LIQUORS.
Webb-Kenyon Act March 1, 1913, c. 90, 37 Stat. 699 (Comp. St. 1916, § 8739), prohibiting transportation of intoxicating liquor from one state into another, which is intended to be received, possessed, sold, or used in violation of any law of such state, does not simply forbid the introduction of liquor into a state for a prohibited use, but takes the protection of interstate commerce away from all receipt and possession of liquor prohibited by state law.
[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 30, 92.]

2. INTOXICATING LIQUORS ⟨⟩111—STATUTORY REGULATIONS.
While Code Iowa, § 2419, prohibiting the transportation or conveyance of intoxicating liquors to any person within the state, was ineffective and invalid as to interstate shipments, in the absence of congressional authority, since the enactment of the Webb-Kenyon Act it is in full force, unless repealed by some later statute.
[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 121.]

3. INTOXICATING LIQUORS ⟨⟩111—STATUTORY REGULATIONS.
Code Iowa, § 2419, prohibiting the transportation or conveyance of intoxicating liquor to any person within the state, was not repealed by implication by Code Supplemental Supp. 1915, § 2421b, requiring railroad companies transporting intoxicating liquor to keep a record thereof, and providing that no such liquors shall be delivered to the consignee until he enters his name and residence or place of business upon such record book, and certifies that the liquor is for his own lawful purpose or private consumption, since the purpose of the later act was to make more stringent regulations, and any inconsistency with section 2419 is explained by the fact that, when it was enacted, there was grave doubt whether the federal statute had effectually removed the impediment to the full operation and enforcement of section 2419.
[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 121.]

4. INTOXICATING LIQUORS ⟨⟩112½, New, vol. 20 Key-No. Series—REGULATION
—TRANSPORTATION.
Though Code Iowa, § 2419, prohibits merely the transportation or conveyance of intoxicating liquor, the receipt of the liquor from the carrier is a violation of the law, so as to bring the transportation of the liquor by an interstate carrier within the condemnation of the Webb-Kenyon Act, since, while the recipient of the liquor may not, as such, be a violator of the law, his receipt of the liquor from the carrier necessarily involves the violation of the law by the carrier.

5. INTOXICATING LIQUORS ⟨⟩112½, New, vol. 20 Key-No. Series—REGULATION
—TRANSPORTATION.
A carrier of intoxicating liquor has an interest therein within the Webb-Kenyon Act, prohibiting the transportation of intoxicating liquor intended by any person interested therein to be received, possessed, sold, or used in violation of any law of the state into which it is transported.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the Theo. Hamm Brewing Company and others against the Chicago, Rock Island & Pacific Railway Company and others, in which the State of Iowa intervened. From a decree granting a permanent injunction, the intervener appeals. Reversed and remanded, with directions.

See, also, 215 Fed. 672.

George Cosson and C. A. Robbins, both of Des Moines, Iowa, for appellant.

Frederick W. Zollman, of St. Paul, Minn., for appellees.

Before KOHLSAAT, MACK, and EVANS, Circuit Judges.

MACK, Circuit Judge. This is an appeal by the intervener, the state of Iowa, from a decree of the District Court making permanent its preliminary mandatory order directing the receiver for the Chicago, Rock Island & Pacific Railway Company to receive, transport, and deliver any beer or other fermented malt liquors, sold and consigned in Minnesota, Wisconsin, or Illinois by the complainants, the Hamm Brewing Company, the Heilman Brewing Company, and the Rock Island Brewing Company, or any other person similarly situated, to persons residing in the state of Iowa, who shall have purchased the liquor for their own lawful purposes and private consumption, whenever the purchaser shall in writing authorize the delivery of the liquor by the carrier to some designated person for the purpose of carrying it from the railway station to the residence of the purchaser, provided the writing certifies that the beer or fermented malt liquor is for the purchaser's own consumption.

After the granting of the temporary injunction, the state of Iowa intervened, alleging that shipments specified in the complainants' bill would be in violation of the Webb-Kenyon Law (Act Cong. March 1, 1913, c. 90, 37 Stat. 699 [Comp. St. 1916, § 8739]) of section 2419 of the Iowa Code of 1897, and sections 2421a–2421c of the Supplemental Supplement of the Iowa Code 1915. The essential parts of these acts are set out in the margin.[1]

---

[1] Section 2419 of the Iowa Code of 1897:

"If any * * * railway company * * * shall transport or convey to any person within this state any intoxicating liquors, * * * such company * * * shall, upon conviction, be fined in the sum of one hundred dollars. * * * The offense herein created shall be held committed and complete and to have been committed in any county in the state in which the liquors are received for transportation, through which they are transported, or in which they are delivered. * * *"

Webb-Kenyon Law:

"* * * The shipment or transportation * * * of * * * intoxicating liquor * * * from one state * * * into any other state, * * * which * * * intoxicating liquor is intended, by any person interested therein, to be received, possessed, sold, or in any manner used, either in the original package or otherwise, in violation of any law of such state * * * is hereby prohibited."

Section 2421 of the Supplemental Supplement of Iowa 1915:

"(a) It shall be unlawful for any railroad company, * * * to carry any intoxicating liquor into the state or from one point to another within the state for the purpose of delivering, or to deliver same to any person, com-

In Bowman v. Chicago & Northwestern Railway, 125 U. S. 465, 8 Sup. Ct. 689, 1062, 31 L. Ed. 700, the power of the state of Iowa to prohibit the importation of intoxicants from another state was denied. A few years later, in Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. 681, 34 L. Ed. 128, it was held, contrary to the License Cases, 5 How. 504, 12 L. Ed. 256, that, in the absence of congressional permission, Iowa was powerless to interfere in any way with the movement of intoxi-cants in interstate commerce or with their sale in original packages thereafter.

In 1890 the Wilson Law (Act Cong. Aug. 8, 1890, c. 728, 26 Stat. 313 [Comp. St. 1916, § 8738]) provided that intoxicating liquor ship-ped into a state should be subject to the laws of the state upon its arrival therein. Thereby the state prohibitions were permitted to affect interstate shipments by forbidding the otherwise lawful sale of im-ported liquor in original packages. In re Rahrer, 140 U. S. 545, 11 Sup. Ct. 865, 35 L. Ed. 572. But because the jurisdiction of the state attached only on arrival, and because arrival was construed not as arrival at the state line, but only at the point of destination within the state, and after delivery there to the consignee, the latter's right to receive an interstate shipment of liquor could not be prohibited by the state; section 2419 of the Iowa Code was therefore held invalid in so far as it conflicted with this right. Rhodes v. Iowa, 170 U. S. 412, 18 Sup. Ct. 664, 42 L. Ed. 1088. See, too, Rosenberger v. Pacific Ex-press Co., 241 U. S. 48, 36 Sup. Ct. 510, 60 L. Ed. 880, and cases there cited.

[1] In 1913, however, the right of the states was enlarged by the Webb-Kenyon Act. The recent decision of the Supreme Court in Clark Distilling Co. v. Western Maryland Railway Co., 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, settles the consti-

pany or corporation within the state, except for lawful purposes." Section 2421a, Supplemental Supplement 1915.

"(b) It shall be the duty of any railroad company, * * * who shall for hire carry any intoxicating liquor into the state, or from one point to another within the state, for the purpose of delivery, and who shall deliver such in-toxicating liquor to any person, company, or corporation, to keep, at each sta-tion or office where it employs an agent or other person to make delivery of freight and keep records relative thereto, a record book, wherein such carrier shall promptly upon receipt, and prior to delivery, enter in ink, in legible writing, in full, the name of the consignor of each shipment of intoxicating liquor to be delivered from or through such station, from where shipped, the date of arrival, the quantity and kind of liquor, so far as disclosed by lettering on the package or by the carrier's records and to whom and where consigned, and the date delivered. No shipment billed in whole or in part as intoxicating liquor shall be delivered to the consignee until such consignee upon such rec-ord book enters in ink, in legible writing, his full name and residence or place of business, giving the name of the town or city, and the street name and number where there is such, and certifies that such liquor is for his own law-ful purposes or private consumption." Section 2421b, Supplemental Supple-ment 1915.

"(c) It shall be a misdemeanor for any railroad company, * * * to de-liver any intoxicating liquor to any person other than the consignee, or with-out same having been receipted for as herein required, or where there is rea-sonable ground to believe that such liquor is intended for unlawful use. * * *" Section 2421c, Supplemental Supplement 1915.

tutionality as well as the broad scope of this legislation; the plea of interstate commerce no longer avails as against a shipment of liquor into a state "intended, by any person interested therein, to be received, possessed, sold, or in any manner used * * * in violation of any law of such state." As the Supreme Court says:

"That act did not simply forbid the introduction of liquor into a state for a prohibited use, but took the protection of interstate commerce away from all receipt and possession of liquor prohibited by state law."

The question before us, therefore, is: Did Iowa forbid the receipt or possession of intoxicating liquor?

[2] Section 2419 of the Iowa Code, which punishes the transportation or conveyance of intoxicating liquor to any person within the state, was ineffective and invalid as to interstate shipments' in the absence of congressional authority. But when and to the extent that Iowa legislation was freed by the Webb-Kenyon Act from the restrictions that prevented it from regulating interstate commerce in liquors, earlier legislation falling within the now untrammeled state power, unless repealed by some later statute, would be in full force. In re Rahrer, supra; State v. Express Co., 164 Iowa, 112, 113, 145 N. W. 451. See note, 48 L. R. A. (N. S.) 349.

[3] While there is some force in the contention that section 2421b of the Iowa Supplemental Supplement of 1915 impliedly repeals section 2419 of the Iowa Code, in so far as it applies to the transportation of liquor for individual use, based upon the argument that, if the liquor is not to be delivered until the consignee certifies that it is for his lawful purposes and private consumption, the shipment and receipt for such purposes cannot be illegal, in our judgment, this is not the fair construction of the act or of its effect. Repeals by implication are not favored; and as the dominant purpose of the later act was to make more stringent regulations of the traffic in alcoholic beverages, a purpose to relax existing restrictions is not so clear or unequivocal as to justify the implication of the repeal of the earlier statute. Although section 2421b of the Supplemental Supplement of 1915 was enacted after the passage of the Webb-Kenyon Act, yet in view of the decisions in several state courts, as well as the holding in Adams Express Co. v. Kentucky, 238 U. S. 190, 35 Sup. Ct. 824, 59 L. Ed. 1267, L. R. A. 1916C, 273, Ann. Cas. 1915D, 1167, there was grave doubt at that time as to whether the federal statute did effectually remove the impediment to the full operation and enforcement of section 2419 of the Code. The 1915 legislation may well have been based upon the view that the impediment had not been removed; it was thus projected upon a background that had, however, actually ceased to exist. These facts only strengthen the conclusion that a repeal of the earlier act is not to be implied.

[4] What, then, is the sound construction of section 2419? In express terms, it prohibits only the transportation or conveyance to any person of intoxicants; it does not expressly prohibit their possession or receipt by him. But such a receipt necessarily implies a conveyance to, a delivery by, another. And while the recipient as such may not be a violator of the law, his receipt of the liquor from

the carrier necessarily involves a violation of the law by the carrier that illegally conveys it to him. The receipt, then, should fairly be deemed to be in violation of the law of Iowa, whether the carrier alone or the recipient as well be punishable therefor. And while the West Virginia act considered in the Clark Distilling Co. Case, supra, expressly forbade the receipt or possession of liquor, irrespective of the use to which it was to be put, the Iowa act, in our judgment, no less effectually covers the same ground.

Furthermore, both the carrier and the consignee to the carrier's knowledge intend that the receipt from the carrier shall be in violation of Iowa law; that is, they intend that the carrier shall convey to the consignee in violation of the express statutory prohibition, and thus shall effectuate the receipt of the liquor by the consignee in violation of the law.

[5] The interest of the consignee is clear. But the carrier, too, has an interest, both in the transportation and in the liquor itself; as bailee, it is vested with legal rights and subjected to obligations in respect thereto; it has possession, and if charges are not prepaid a lien therefor. No reason is apparent for requiring the "interest" of the person whose intention in respect to the receipt of the liquor is made controlling to be greater or other than that of a carrier or bailee.

Reference, however, is made to Van Winkle v. Delaware, 4 Boyce (27 Del.) 578, 91 Atl. 385, Ann. Cas. 1916D, 104, in which the form of the bill as it was originally introduced was considered as demonstrating that the construction here adopted is unsound. The bill in its original form consisted of two sections. The first provided that the shipment or transportation of liquor from one state into another, which liquor "is intended by any person interested therein, directly or indirectly, or in any manner connected with the transaction," to be received, possessed, or kept, or in manner used in violation of any law of such state, "enacted in the exercise of the police power of such state," is prohibited, and any contracts pertaining to such transactions are declared to be null and void," and "no suit or action shall be maintained * * * upon any such contract or for the enforcement or protection of any alleged rights" based upon such contract, "or for the protection in any manner whatsoever of such prohibited-transaction." The second section provided that any liquor transported into any state, or remaining therein for use, consumption, sale, or storage shall, upon arrival within the boundaries of such state, and before delivery to the consignee, be subject to the operation and effect of the laws of such state enacted in the exercise of its reserved police powers, to the same extent and in the same manner as though such liquor had been produced in such state. H. R. 17593, 62d Congress.

It should be observed at the outset that whatever argument may be made, based upon the changes that the text underwent in its course through Congress, in support of the proposition that the phrase "any person interested therein" refers exclusively and necessarily to one interested in the property other than as mere carrier or bailee, will with equal strength support the contention that the Webb-Kenyon Law prohibited the shipment of intoxicants "only when the liquor is intended

to be used in violation of the law of the state"—a contention which the Supreme Court, in commenting on Van Winkle v. State, said rested upon an entire misconception of the text of the act.

The importance of textual changes made during the progress of a bill through a Legislature can easily be overemphasized. Motives other than the conscious desire or deliberate intent of the legislative body thereby to obtain a distinctly different result are readily conceivable.

The Webb-Kenyon Law is not a criminal statute; if it were, the argument that only those acts clearly and expressly denounced as crimes could be deemed within its purview would be cogent. But when the manifest object of the federal law is to give a free rein to the several commonwealths to make effective experiments in accordance with the wishes of their respective communities in checking the liquor traffic and its attendant evils, the contention that the receipt of intoxicants cannot be deemed to be in violation of any law of the state by virtue of the fact that only the transportation and delivery of such intoxicants, the necessary complement of the receipt, is prohibited, cannot be sustained.

The object of the federal enactment was not to prohibit the personal use or the public sale of liquor, but to remove a federal incumbrance from the police power of the state and to deprive interstate shipments of intoxicants of the immunity and privilege which they had theretofore enjoyed. Each state could then determine the extent of regulation or prohibition deemed by it to be best suited to the needs of its people. Since the decision in Clark Distilling Co. v. Western Maryland Railway, supra, there can be no question that the Webb-Kenyon Act removes any impediment that the federal supremacy over interstate commerce would interpose to the exercise of this power by the state.

There is nothing in Adams Express Co. v. Kentucky, supra, contrary to the conclusion here reached. That case decided only:

"That, as the court of last resort of Kentucky, into which liquor had been shipped, had held that the state statute did not forbid shipment and receipt of liquor for personal use, therefore the Webb-Kenyon Act did not apply, since it only applied to things which the state law prohibited."

See Clark Distilling Co. v. West Maryland Railway, 242 U. S. 311, 324, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218.

Attention should be called to the Postal Department Appropriation Act of March 3, 1917, and to Resolution No. 57 of March 4, 1917, postponing the effective date of section 5 thereof to July 1, 1917. This act forbids the interstate transportation of intoxicating liquors into any state the laws of which prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes.

The decree will be reversed, and the cause remanded, with directions to dismiss the bill.