(November 28, 1917.)

H. P. KIRTLEY, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[169 Pac. 172.]

INTOXICATING LIQUORS — DELIVERY OF — PROHIBITION DISTRICT—INTER-
    STATE SHIPMENT—POLICE POWER.

    1. Under sec. 25, S. B. 62, Sess. Laws 1909, p. 17, which provides that, "Any persons . . . . who shall ship, transport or deliver any

On constitutionality, construction and effect of Webb-Kenyon Act, see note in L. R. A. 1917B, 1229.

·For authorities discussing the validity of Webb-Kenyon Act, see note in L. R. A. 1917B, 1218.

intoxicating liquors to any person . . . . in any prohibition district in the state of Idaho, or to any point or place in this state where the sale of intoxicating liquors is prohibited by law . . . . shall be guilty of a misdemeanor. . . . . " It is a misdemeanor to deliver intoxicating liquor to any person in such place, without regard to whether the liquor is intended for sale, or merely for his personal use, and this notwithstanding the fact that the act does not make mere possession a crime, nor does the fact it was interstate shipment alter the rule.

2. The above section held to be a valid exercise of the police power.

[As to validity of statute forbidding bringing of liquor into prohibition territory, see note in **Ann. Cas. 1917A, 740.**]

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. F. J. Cowen, Judge.

Action to compel delivery of beer in a prohibition district. Judgment for plaintiff *reversed*.

George H. Smith and H. B. Thompson, for Appellant.

It was unlawful for the carrier to deliver and for Kirtley to receive the liquor in Bannock county at the time of the institution of the suit and at the time of the entry of judgment. (*In re Crane*, 27 Ida. 671, 151 Pac. 1006; *Crescent Brewing Co. v. Oregon Short Line Ry. Co.*, 24 Ida. 106, 132 Pac. 975.)

The Idaho laws and the Webb-Kenyon Act prohibited the delivery of the shipment. (*American Express Co. v. Beer*, 107 Miss. 528, Ann. Cas. 1916D, 127, 65 So. 575; *H. Clark & Sons v. Southern Express Co.*, 203 Fed. 588; *State v. Seaboard Air Line Ry.*, 169 N. C. 295, 84 S. E. 283; *State of W. Va. v. Adams Express Co.*, 219 Fed. 794, 135 C. C. A. 464; *Atkinson v. Southern Express Co.*, 94 S. C. 444, 78 S. E. 516, 48 L. R. A., N. S., 349; *Bristol Distributing Co. v. Southern Express Co.*, 117 Va. 7, 83 S. E. 1084; *State v. United States Express Co.*, 164 Iowa, 112, 145 N. W. 451; *State v. Grier*, 4 Boyce (Del.), 322, 88 Atl. 579; *Adams Express Co. v. Commonwealth*, 160 Ky. 66, 169 S. W. 603; *Adams Express Co. v. Crigler*, 161 Ky. 89, 170 S. W. 542;

*Smith v. Southern Express Co.,* 166 N. C. 155, 82 S. E. 15; *Southern Express Co. v. City of High Point,* 167 N. C. 103, 83 S. E. 254; *Hamm Brewing Co. v. Chicago, R. I. & P. Ry. Co.,* 215 Fed. 672.)

H. W. Lockhart, for Respondent.

Intoxicating liquors being property, are legitimate subjects of interstate commerce. (*Louisville & N. R. Co. v. F. W. Cook Brewing Co.,* 223 U. S. 70, 32 Sup. Ct. 189, 56 L. ed. 355.)

"Police power" is not an all-embracing term, particularly when it is applied to a subject matter falling within the commerce between the several states; and even when applied to intoxicants, which in the view of the federal government are subject to the same rules as other commodities. (*Bowman v. Chicago etc. Ry. Co.,* 125 U. S. 465, 8 Sup. Ct. 689, 31 L. ed. 700.)

Even when Congress was silent upon the subject of regulation, a statute prohibiting the sale of imported liquor by the consignee in the original package was held void. (*Leisy v. Hardin,* 135 U. S. 100, 10 Sup. Ct. 681, 34 L. ed. 128.)

To prohibit the delivery to the individual would have been tantamount to prohibiting interstate commerce in that which under the laws of the United States was the subject of property. (*In re Rahrer,* 140 U. S. 545, 11 Sup. Ct. 865, 35 L. ed. 572; *Rhodes v. Iowa,* 170 U. S. 412, 18 Sup. Ct. 664, 42 L. ed. 1088; *Vance v. W. A. Vandercook Co.,* 170 U. S. 438, 18 Sup. Ct. 674, 42 L. ed. 1100; *Louisville & N. R. Co. v. F. W. Cook Brewing Co.,* 223 U. S. 70, 32 Sup. Ct. 189, 56 L. ed. 355.)

"The keeping of liquors in his possession by a person, whether for himself or for another, unless he does so for the illegal sale of it, or for some other improper purpose, can by no possibility injure or affect the health, morals, or safety of the public; and therefore the statute prohibiting such keeping in possession is not a legitimate exertion of the police power. It is an abridgment of the privileges and immunities of the citizen without any legal justification, and therefore void." (*Ex parte Brown,* 38 Tex. Cr. 295, 70 Am. St. 743,

42 S. W. 554; *Beebe v. State,* 6 Ind. 501, 63 Am. Dec. 391; *Commonwealth v. Turner* (Ky. App.), 118 S. W. 1199; *State v. Williams,* 146 N. C. 618, 14 Ann. Cas. 562, 61 S. W. 61, 17 L. R. A., N. S., 299; *Eidge v. City of Bessemer,* 164 Ala. 599, 51 So. 246, 26 L. R. A., N. S., 394; *Martin v. Commonwealth,* 153 Ky. 784, 156 S. W. 870, 45 L. R. A., N. S., 957; *Adams Express Co. v. Commonwealth,* 154 Ky. 462, 471, 157 S. W. 908, 48 L. R. A., N. S., 342; *State v. Gilman,* 33 W. Va. 146, 10 S. E. 283, 6 L. R. A. 847.)

The police power does not extend to the deprivation of a citizen of the right to have intoxicating liquor in his possession for his own use. (*Commonwealth v. Campbell,* 133 Ky. 50, 19 Ann. Cas. 159, 117 S. W. 383, 24 L. R. A., N. S., 172; *Commonwealth v. Smith,* 163 Ky. 227, 173 S. W. 340, L. R. A. 1915D, 172; *Titsworth v. State,* 2 Okl. Cr. 268, 101 Pac. 288; *Sullivan v. Oneida,* 61 Ill. 242; Freund on Police Power, 453, 454; Black on Intoxicating Liquors, p. 50.)

It did not appear in *Ex parte Crane,* 27 Ida. 671, 151 Pac. 1006, that the possession of the intoxicants for personal use was protected by the common clause of the constitution of the United States and the fourteenth amendment thereof, whereas in the case at bar it clearly appears that the protection exists.

Never before has a law been enacted which baldly and flatly took from the owner of property the whole dominion thereover without due process of law and without compensation. The law of Idaho is unconstitutional on this ground. (*Wynehamer v. People,* 13 N. Y. 378; 2 Park. Cr. (N. Y.) 421, affirming 2 Park. Cr. (N. Y.) 377; 12 How. Pr. (N. Y.) 238, reversing 20 Barb. (N. Y.) 567; *People v. Toynbee,* 2 Park. Cr. (N. Y.) 329; *Berry v. De Maris,* 76 N. J. L. 301, 70 Atl. 337.)

BUDGE, C. J.—This was an action in claim and delivery brought by respondent to recover from appellant one case of beer, or in the event that delivery could not be made, the value thereof. The beer was purchased by respondent solely for his own personal use, from the Becker Brewing & Malt-

ing Company, at Ogden, Utah, on September 2, 1914, which company delivered the beer, at the request of respondent, to appellant railroad company at Ogden and the shipment was consigned to respondent at Pocatello, Bannock county, Idaho, which was then in a prohibition district.    The beer arrived in Pocatello September 3, 1914, whereupon respondent demanded its possession but appellant refused to deliver it, basing its refusal upon the ground that such delivery would be in violation of sec. 25 of S. B. 62, Sess. Laws 1909, p. 17, and the Webb-Kenyon law (Act Cong. Mch. 1, 1913, c. 90, 37 Stat. 699, Comp. Stats. 1916, sec. 8739).    Upon these facts, which were stipulated, and upon this issue, which was made up by the pleadings, the trial court found that respondent was entitled to the relief prayed for, and entered judgment accordingly.    This appeal is from the judgment.

The error assigned is: That the court erred in finding that respondent was entitled to judgment as prayed for in his complaint, and in awarding judgment for the possession of the beer.

The contention of respondent is, that inasmuch as the 1909 law did not make the possession of intoxicating liquor for private use unlawful *per se*, the shipments, transportations and deliveries of intoxicating liquor contemplated by sec. 25 thereof, were only such as were intended to be put to some use prohibited by the law, and that the section cannot be interpreted to apply to any shipment, transportation or delivery of intoxicating liquor where the same was clearly intended for private use.    And it is further contended by respondent that the police power does not extend to the deprivation of the right of a citizen to have intoxicating liquor in his possession for his own use; that intoxicating liquor is property; that if the decision had been for appellant it would have amounted to the taking of respondent's property without due process of law; that the Webb-Kenyon law was never intended to deprive any person of the right to procure intoxicating liquor through an interstate shipment for his private use; and that a contrary view would render both the Webb-Kenyon law and sec. 25 of our own statute uncon-

stitutional.   However, since the judgment in this case was entered, the supreme court of the United States, in *Clark Distilling Co. v. Western Md. Ry. Co.*, 242 U. S. 311, Ann. Cas. 1917B, 845, 37 Sup. Ct. 180, 61 L. ed. 326, L. R. A. 1917B, 1218, has decided two of these contentions adversely to respondent: First, that the Webb-Kenyon law is constitutional; second, that it "took the protection of interstate commerce away from all receipt and possession of liquor prohibited by state law."   Further, the decision of this court in *In re Crane*, 27 Ida. 671, 151 Pac. 1006, resolves the contention of respondent, that the police power does not extend to the deprivation of the right of a citizen to have intoxicating liquor in his possession for his own use, against him.

It remains to consider what interpretation shall be put upon sec. 25 of the 1909 law, when read in connection with the Webb-Kenyon Act.   Sec. 25 provides: "Any person, firm, corporation, society or club within this state who shall accept for shipment, transportation or delivery, or who shall ship, transport or deliver any intoxicating liquors to any person, firm, corporation, society or club in any prohibition district in the state of Idaho, or to any point or place in this state where the sale of intoxicating liquors is prohibited by law, except as may be authorized by this act or the Inter-State Commerce law of the United States, shall be guilty of a misdemeanor and punished as provided in section 30 of this act."   It will be noticed that this section, taken literally, does not merely prohibit the shipment, transportation and delivery of intoxicating liquors in a prohibition district, where they are intended for sale but prohibits absolutely the shipment, transportation or delivery of intoxicating liquors "to any person, firm, corporation, society or club in any prohibition district in the state of Idaho, or to any point or place in this state where the sale of intoxicating liquors is prohibited by law."   And further, the language of the section clearly anticipates the Webb-Kenyon law by providing "except as *may be authorized* by this act or the Inter-State Commerce law of the United States."   (Italics ours.)

It is conceded that Pocatello was in a. prohibition district and was a point or place where the sale of intoxicating liquors was prohibited by law. It is apparent from the language here used that it was the intention of the legislature to prohibit the shipment, transportation or delivery of intoxicating liquor in a prohibition district for any purpose, whether for sale, private use or otherwise, with certain exceptions not material here. It may well be that the legislature was not unmindful of the difficulties which would attend the enforcement of the law if the state should be compelled to prove in every case that the shipment, transportation or delivery of intoxicating liquors was destined to ultimately consummate an unlawful sale thereof. With the wisdom or unwisdom of this section we have nothing to do. In the light of the decisions above cited, the purpose of the section falls well within the recognized police power of the state.

The view we have taken is supported by recent and most eminent authority. It will not be gainsaid that the interpretation placed upon the Webb-Kenyon Act by the supreme court of the United States is binding upon this court, and as already noted, the effect of that act is to strip every shipment of intoxicating liquors, in violation of the state law, of its interstate character. In *United States v. Oregon-Washington R. & N. Co.,* 210 Fed. 378, Bean, District Judge, placed the same interpretation upon the 1909 law, in conjunction with the Webb-Kenyon Act, which we have given it. A still more recent case is that of *Theo. Ham Brewing Co. v. Chicago, R. I. & P. Ry. Co.,* 243 Fed. 143. The court there had under consideration sec. 2419 of the Iowa Code of 1897, which is in substance the same as sec. 25 of the 1909 act, above quoted, and construing said section, in connection with the Webb-Kenyon Act and in the light of the decision in the Clark Distilling Company case, *supra,* said: ''What, then, is the sound construction of section 2419? In express terms, it prohibits only the transportation or conveyance to any person of intoxicants; it does not expressly prohibit their possession or receipt by him. But such receipt necessarily implies a conveyance to, a delivery by, another. And

while the recipient as such may not be a violator of the law, his receipt of the liquor from the carrier necessarily involves a violation of the law by the carrier that illegally conveys it to him. The receipt, then, should fairly be deemed to be in violation of the law of Iowa, whether the carrier alone or the recipient as well be punishable therefor. And while the West Virginia act considered in the Clark Distilling Co. case, *supra,* expressly forbade the receipt or possession of liquor, irrespective of the use to which it was to be put, the Iowa act, in our judgment, no less effectually covers the same ground.'' This decision would seem to have more than a persuasive value in guiding us to a correct interpretation of the section of our own act here in question.

Furthermore, since the decision in the Clark Distilling Co. case, *supra,* to the effect that the Webb-Kenyon Act operates to strip every shipment of intoxicating liquor in violation of the state law of its interstate character, it follows that any shipment of liquor to be delivered in any place in this state which is within a prohibition district, or where the sale of intoxicating liquors is prohibited by law, must be treated by us as though it were an intrastate shipment, regardless of any interstate character which the shipment may possess in fact. In this view the previous decision of this court in *Crescent Brewing Co. v. Oregon Short Line Ry. Co.,* 24 Ida. 106, 132 Pac. 975, has settled the law so far as the interpretation and application of sec. 25, *supra,* is concerned, in favor of appellant's contention.

The judgment of the trial court is reversed. Costs awarded to appellant.

Morgan and Rice, JJ., concur.